## Murry v. Mills.

1. ARBITRATIONS: *Form of award.* An award of arbitrators must state the facts found by them, and their conclusions of law separately.

On the 28th of January, 1863, the parties hereto entered into "articles of submission" to arbitrators, in which were recited divers matters of difference between them, after which was the following:

"Now, therefore, we, the undersigned, George M. Mills and Thomas Murry aforesaid, do hereby submit the said controversy and the matters above stated, to the arbitrament of S. J. Goodrich, Oscar F. Davis and S. M. Parmelee, all of said city of Omaha; and we do mutually covenant and agree, to and with each other, that the award which is to be made by said arbitrators, or any two of them, shall, in all things, by us, and each of us, be well and faithfully kept and observed; provided, however, that the said award be made in writing under the hands of the said J. O. Goodrich, Oscar F. Davis and S. N. Parmelee, or any two of them, and so made and signed on or before the 28th day of February, 1863.

"And it is hereby further agreed between the said parties that judgment in the district court, first judicial district, sitting within and for the county of Douglas, in the Territory of Nebraska, may be entered upon the award to be made, pursuant to this submission, to the end that the matters hereinbefore stated shall be finally concluded."

The persons named as arbitrators made their awards as follows: "To all whom these presents shall come or may concern, send greeting: S. J. Goodrich, Oscar F. Davis and S. N. Parmelee, to whom, as arbitrators, certain matters in controversy between George M. Mills, of the city of Omaha, in the county of Douglas and Territory of Nebraska, and Thomas Murry, of the same place, as by their

MURRY v. MILLS.

submission in writing, and bearing date the 28th day of January, A. D. 1863, more fully appears. Now, therefore, know ye, that we, the arbitrators mentioned in the said submission, having been first duly sworn according to law, and having heard the proofs and allegations of the parties, and examined the matters in controversy by them submitted, do make this award in writing, that is to say : the said George M. Mills is indebted to the said Thomas Murry in the sum of two hundred dollars, and we do find, award, adjudge and decree that the said George M. Mills pay to the said Thomas Murry the said sum of two hundred dollars as the balance due said Thomas Murry from the said George M. Mills upon the several matters submitted to us in and by the said submission in writing, and signed by the said George M. Mills and Thomas Murry.

"In witness whereof we have hereunto subscribed these presents this fourth day of February, 1863.

"S. J. GOODRICH.
"OSCAR F. DAVIS.
"S. N. PARMELEE."

These papers being filed in the District Court for Douglas county, Murry filed his motion as follows :

"And now comes the said Murry, and moves the court for judgment upon the award heretofore made in this cause, in accordance with the statute in such case made and provided, and the stipulation in the articles of submission, and for the amount found due said Murry by said arbitrators, as shown by their award now on file in this cause, &c."

And Mills at the same time filed his exceptions as follows :

" 1. The said arbitrators have not, in the said award, stated the facts found by them on the evidence, and the matters submitted to them on said arbitration.

" 2. The said arbitrators have not, in the said award,

stated the facts found by them and their conclusions of law on said arbitration separately.

" 3. The said arbitrators have not, in the said award, stated the facts proved and submitted to them.

" 4. The said arbitrators have not, in the said award, given their decisions on the facts proved and submitted to them and their conclusions of law separately."

The motion for judgment was overruled and the exceptions were sustained, and the award set aside by the judgment of the court.   Thereupon Murry brought the cause to this court by petition in error.

The provisions of law construed in this cause were the following : Sec. 866 of title XXVIII of the Revised Statutes, page 545, is as follows : "All the rules prescribed by law in cases of referees are applicable to arbitrators, except as herein otherwise expressed, or except as otherwise agreed upon by the parties."

Section 300 of the Code of Civil Procedure is as follows : " The trial before referees is conducted in the same manner as a trial by the court.   They have the same power to summon and enforce the attendance of witnesses, to administer all necessary oaths in the trials of the case, and to grant adjournments, as the court upon such trial.   They must state the facts found and the conclusions of law separately, and their decision must be given, and may be excepted to and reviewed in like manner.   The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court."   When the referees is to report the facts, the report has the effect of a special verdict."

*W. A. Little,* for plaintiff in error.

*J. M. Woolworth,* contra.

MURRY v. MILLS.

The court, by KELLOGG, Ch. J., held that the provision of the Code above quoted was, by the section in the chapter on arbitrations above quoted, made applicable to the report of the arbitrators, and that such report must, to have any validity to support a judgment, state the facts found by the arbitrators and their conclusions of law thereon separately. As this report does not conform to this requirement of the statute it must be set aside. The motion for judgment was rightly overruled, and the exceptions filed by Mills to the report were rightly sustained. The judgment must be affirmed.

Judgment affirmed.