## PHILLIPS v. COUCH, *Appellant.*

**Arbitration.** The parties to a promissory note differing as to the amount
remaining due upon it, referred their difference to arbitrators, who
fixed the amount and informed the parties. The holder thereupon
surrendered the note to the maker, who accepted it; *Held*, that he
thereby assented to the award, and became bound to pay the
amount fixed by the arbitrators, although they may not have pro-
ceeded regularly in ascertaining it.

*Appeal from Andrew Circuit Court*—HON. H. S. KELLY
Judge.

The following instructions were given by the court:

1. A settlement of the matters in dispute between
the parties may lawfully be made by agent, and will bind
the parties, provided the acts of the agent in and about
such settlement and matters considered by them, in all
such matters and things as they, as such agents, are au-
thorized to consider by the principals, and their settlement
will not bind the principals, if the agent neglect or omit
any material or substantial right of the principal, and if
the jury believe that J. C. Couch and Howell, although
duly authorized to settle the matters in dispute between
plaintiff and defendant, failed or refused to consider evi-
dence upon such substantial matter in dispute, then you
must find for defendant. If, however, the said J. C. Couch
and Howell, understood and knew what matters were in

dispute, and what they were called upon to settle, it will be sufficient, whether they heard other or further evidence or not.

2. This is a suit to recover $75, balance alleged to be due from defendant to plaintiff on a settlement. Defendant denies that there was a settlement, or that there was or is anything due plaintiff. If you find from the evidence that there were differences between plaintiff and defendant, and that they mutually agreed to submit the matters of dispute or difference to J. C. Couch, with the agreement that they would abide by and perform his decision, and that after hearing the statements of the parties, and examining the matters in dispute the said J. C. Couch declined to decide between them without the assistance of another man, and that plaintiff and defendant then agreed to call in one Howell to assist the said J. C. Couch in making a settlement, and that the said James Couch and Howell did arrive at a decision and settlement of the matters in dispute, and that, by said settlement, it was required that defendant should pay the plaintiff $75 as a balance due on said settlement, and that the result of the said settlement was communicated to the said parties, and they assented to it or agreed to it, and plaintiff performed his part of the terms of the same, then the settlement became binding upon the parties; and if you find from the evidence that the defendant has failed to pay the said balance of $75, you should find for the plaintiff the sum of $75 with interest at 6 per cent. per annum from the date of said settlement; but if you find no settlement was made with the parties, either by themselves or by the said James Couch and Howell, acting for said parties by their agreement, of the matters in dispute, by which any balance was found to be due from the defendant to plaintiff, you should find for the defendant.

The following is the instruction given at the instance of plaintiff:

It was competent for the parties to assent to and agree

to a finding of J. C. Couch and John B. Howell, as well by acts as by words. Therefore, if the jury find from the evidence that the said J. C. Couch and John Howell found and agreed that defendant should pay plaintiff $75, and that the fact was communicated to defendant, and that defendant did not refuse to abide by such settlement, but then and there knowingly received the $100 note in question from plaintiff's wife, at plaintiff's direction, as a part settlement of the matters between them under such finding, then such conduct on the part of the defendant was a ratification of the finding of said J. C. Couch and John B. Howell, and the defendant is bound thereby.

The following instruction is No. 4 as asked by defendant, and refused by the court:

"A settlement of the matters of difference between the parties may lawfully be made by agent, and will bind the parties, provided the acts of the agent in and about such settlement, and matters considered therein by them, on all such matters and things as they, as such agents, are authorized to consider by the principals; and their settlement will not bind the parties principal if the agents neglect or omit any material or substantial right of the principal. And if the jury believe that James C. Couch and John Howell, although duly authorized to settle the matters in dispute between plaintiff and defendant, failed or refused to consider evidence upon any substantial matter in dispute, then they must find for defendant."

The following is instruction No. 1, given at the instance of defendant:

If the jury believe, from the evidence, that plaintiff and defendant, prior to the 6th day of August, had mutual demands against each other, and disagreed as to such demands and the true state of their accounts, and that about that date Couch and Howell were requested to arbitrate said matters in dispute, and that said arbitrators, without qualifying as required by law, and without examining witnesses, papers, or other evidences of the state of the

accounts between plaintiff and defendant, and without the knowledge or consideration of the receipt in dispute on the part of said Howell, agreed that defendant should pay plaintiff seventy-five dollars; and if they further believe from the evidence that said arbitrators made no written finding or award in such case, and delivered no award or finding to said defendant, they will find for defendant, unless they further find that defendant, after the finding, promised in writing to pay plaintiff, or knowingly received from plaintiff some valuable consideration, or knowingly accepted from plaintiff the promissory note dated May 22, 1873.

*J. D. Strong* for appellant.

1.   Plaintiff did not intend to, nor could he, proceed by motion, to confirm an award, either statutory or other. There was no written submission nor stipulation for a judgment.   Wag. Stat., p. 143, § 1.   The arbitrators were not sworn.   Wag. Stat., p. 143, § 3.   They neither heard evidence nor examined the matters in dispute, but " guessed " or " lumped " it.   Wag. Stat., p. 143, § 5.   They made no written award, and published none, nor was there attestation of any.   Wag. Stat., p. 143, § 6; *Newman v. Labaume*, 9 Mo. 29 ; *Valle v. N. M. R. R.*, 37 Mo. 445.   There was no motion to confirm award.   Wag. Stat., p. 144, § 7.   No copy was served upon defendant.   Ib., § 8.   Every characteristic of a statutory award was wanting.   The statement sued on calls it a " settlement "—a " balance due on settlement."

2.   The evidence did not tend to show a settlement of the differences between the parties.   *Cape Girardeau, &c., R. R. v. Kimmel*, 58 Mo. 83; 1 Parsons on Contracts, pp. 475, 476 ; *Johnston v. Fessler*, 7 Watts 48; *Stenton v. Jerome*, 54 N. Y. 480; *Town v. Wood*, 37 Ill. 512; *Kronenberger v. Binz*, 56 Mo. 121.

3.   If the finding was properly made, and by persons

duly authorized, no ratification nor estoppel was needed to make it of force. If not properly made, and by authority, neither silence, nor apparently express ratification, will give it force against the party who is ignorant of his rights at the time. The only finding of Couch and Howell that is spoken of is, that defendant should pay to plaintiff $75, and the only conceivable thing for plaintiff to do in order to "ratify" it, is to receive the $75. He is not directed by the finding "to deliver to defendant any note, or other thing whatever." This "fact" is not communicated to defendant, viz: That he is to receive a $100 note from plaintiff "as a part settlement under such finding." How, then, is "such conduct on the part of defendant, a 'ratification of such finding' if the arbitrators did not include that in their 'finding?'"

*Allen H. Vories* for respondent.

1. The instructions given on the part of the plaintiff, the defendant, and on the court's of ⎡ motion, presented all the issues to the jury and covered the whole case. *Talbot v. Mearns*, 21 Mo. 427; *Thomas v. Babb*, 45 Mo. 384; *McKeon v. C. R. Co.*, 53 Mo. 405

NAPTON, J.—This suit was originally before a justice of the peace for a balance of seventy-five dollars, alleged to be due on a settlement between the parties. The plaintiff had a judgment before the justice, and again in the circuit court. As usual, where plaintiff and defendant are both witnesses, there was some discrepancy in the testimony, and the only question for our consideration is the propriety of the instructions.

The dispute between the parties was as to the balance due plaintiff on several notes given by defendant to him. The defendant had taken up six of the notes, and sent $150 to plaintiff, for which he had plaintiff's receipt, and had then given his note for $100, as the balance still due plaintiff. Afterwards, the defendant insisted that this note

for $100 was a mistake—that the $150 already sent to plaintiff had overpaid all the legitimate interest on the notes by $85. The plaintiff, however, had his notes and calculations on them, and suggested that the matter be left to one J. C. Couch, as arbitrator, which was agreed to, and Couch called in, and both plaintiff and defendant gave him a full statement of the points of difference between them. Couch declined to arbitrate, unless another person was associated with him, and thereupon one Howell was agreed on. The two arbitrators took the notes and papers, and Couch communicated to Howell what had been stated to him by the parties, and they both agreed that, without examining the calculations on the notes, they would award the plaintiff $75. This was done, and the plaintiff being informed of their decision, returned the $100 note to defendant. Whether the defendant promised to pay the $75 or not, is disputed—but the first instruction asked by the defendant himself puts the case as favorably to him as could be reasonably expected, and that instruction was given, as well as the 4th, with some modifications. The instructions given by the court put the case fairly before the jury.

Our statute in regard to arbitrators and awards, has nothing to do with this case. Indeed, it matters not whether the arbitrators did right or wrong in not examining or calculating the notes and interest—though I do not see that they might not have been satisfied from the statements of the parties themselves, without going into any such examination. At all events, when the award was made and the parties assented to it, the plaintiff giving up his $100 note and the defendant receiving it, that was an end of the matter.

Judgment affirmed. The other judges concur.

AFFIRMED.