WALTER C. COGSWELL, administrator, *vs.* ALLEN CAMERON & another.

Suffolk.   Nov. 20, 1883. — Feb. 29, 1884.   C. ALLEN & HOLMES, JJ., absent.

The parties to a submission to arbitration may, before the award, agree to waive irregularities on the part of the arbitrators in obtaining information about the matter submitted to them, without knowledge of what the irregularities are; and the unsuccessful party cannot rely upon such irregularities in defence to an action upon the award.

CONTRACT, by the administrator of the estate of James Keeley, against Allen Cameron and John W. Abbott, to recover the amount of an award of arbitrators, and interest thereon.. Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that the defendants were manufacturers of worsted yarns, doing business in this Commonwealth under the name of the Abbott Worsted Company; that, in the year 1865, by instruments in writing, Keeley was appointed to, and accepted, the position of agent, in the city of New York, for

the sale of the defendants' yarns; that, after the business had been carried on for several years, disputes arose between the parties with reference to matters growing out of said relation, whereupon, by an instrument in writing, dated August 30, 1875, they submitted the claims of each against the others, as in said agreement set forth, to the determination of B. F. Robinson and Catholina Lambert, of the city of New York.

There was evidence in the case from which the court made the following findings:

Soon after the execution of the original submission to arbitration, the arbitrators, who were merchants, began hearings of the parties, which for a short time were conducted by counsel, but afterward, and during most of the time that the matter was pending, were carried on by the parties themselves. It was intended and understood that both parties should have notice of the times of hearings, and an opportunity to be present and to know what witnesses were examined. The hearings were had at a room in the store of a brother of one of the defendants, who acted for them in matters of the arbitration; but, much of the time, neither party was present, either in person or by any representative. This examination of witnesses was allowed to be conducted by the arbitrators, either wholly in their own way, or upon written interrogatories which were prepared for that purpose and handed to the arbitrators to be propounded to the witnesses.

The arbitrators, without the knowledge of either party, examined two witnesses, one Butterworth and one King, at the hearings, and made inquiries, separately and together, of numerous persons, outside of the hearings, regarding the usages and customs of trade relative to the matters submitted to them, which usages and customs were material to the issue, and communicated to each other the results of their inquiries. This they did with an honest purpose to obtain information which would aid them in the performance of their duty, and with a view to rendering a just and fair award. Afterward, and after hearing all the evidence and the arguments of counsel, they declined to proceed further with the business of the arbitration, or to make an award, unless the parties would first enter into an additional agreement, contained in a paper executed in duplicate, one dated

January 13 and the other January 15, 1876, the first being signed by James Keeley and Elizabeth D. Keeley, and the other by the defendants, a copy of which is printed in the margin.*

---

* " The Abbott Worsted Company and James Keeley and his wife, having left all their matters and subjects of dispute, accounts and claims and bills against each other, to C. Lambert and B. F. Robinson, as arbitrators, to decide upon all matters between them; and the arbitrators, having heard all the matters and evidence, and having examined all the account-books, personally and by their accountant, and being now ready to close up the arbitration and give their verdict and decision upon all the matters, and at the request of the arbitrators, both the parties sign this paper, and do hereby agree and consent to the close of the arbitration, and express our consent and approval of the manner, forms, and means which the arbitrators have used to inform themselves, so as to give a decision. And we also agree that we have no objections to make to anything they have done, or any statement or evidence they may have received or taken, whether the same be known or unknown to us. And we agree to abide by their decision, and that the decision, whatever it may be, is final and conclusive, and that said arbitrators' proceedings have been legal and regular in every respect.

" That the decision of said arbitrators shall be actually and finally conclusive between all the parties hereto. And that the award rendered in this case is rendered solely and entirely upon the agreement, intended to be binding upon the parties, that they shall let the matters and things in controversy between them remain and rest with the award of the arbitrators.

" That there shall be no further action between Allan Cameron and John W. Abbott on the one part, and James Keeley and Elizabeth D. Keeley on the other part, of, or arising out of, any claims they may have against James Keeley, as agent.

" That the said James Keeley and Elizabeth D. Keeley hereby jointly and severally agree and covenant that there shall be no suit, either in the State of New York or in the State of New Jersey, brought by them or their assigns, or either of them, against John W. Abbott, or against Allan Cameron, or either of them, by, from, out of, or arising out of or from any of the suits, matters, or things heretofore existing between the parties, or by reason of any arrest or discharge from business, or from or for any damages arising from said suit or suits or said discharge.

" This is intended as a general release between the parties of all matters and things in controversy, of all damages and claims for arrest or otherwise, on the complying with the award of the arbitrators, save and except the payment of the amounts or amount therein mentioned, and the costs and charges accruing in said suit, or either of them.

" That said costs, charges, and disbursements in said suit shall be adjusted by the court, on notice, on the same principle as if the award by the arbitrators were a decision or judgment of the court."

Thereupon said papers were made and signed as and for an agreement in two parts, and were delivered to the arbitrators as a completed contract for their use and for the use of the respective parties. The arbitrators then made and delivered an award, that the defendants owed Keeley $4004.23. In all they did, they acted with honest purposes and good intentions.

The defendants did not know that testimony had been taken outside of the hearings, nor that Butterworth and King had been examined, until after the award was made. But the judge found, from the fact that the arbitrators were mercantile men, from the nature of the questions submitted to them, from the time that the arbitration had been pending, from the manner in which they had been left by the parties to ascertain facts and to conduct the examination of witnesses, as hereinbefore stated, from their refusal to complete the arbitration unless an agreement was signed like that contained in the papers above referred to, and from the language of said papers, that both parties, at the time of signing said papers, had reasonable cause to believe that the arbitrators had obtained information regarding the case elsewhere than at the hearings, and had examined witnesses of whom they had no knowledge.

There was no evidence of any demand for payment of the amount of the award. The award was made and delivered early in the month of January, 1876. All the proceedings relating to the arbitration occurred in the State of New York.

The defendants asked the judge to rule as follows: " 1. There is not evidence sufficient in law to authorize a finding that there was any agreement to submit to arbitration other than the agreement of August 30, 1875. 2. The paper writing, dated January 15, 1876, signed by Allan Cameron and John W. Abbott, and the paper writing dated January 13, 1876, signed by James Keeley and Elizabeth D. Keeley, do not constitute in law, either taken together or separately, any portion of the agreement to submit in this case. 3. Unless the paper writings of January 13 and 15, 1876, aforesaid, are parts of the agreement to submit to arbitration, the court cannot, under the pleadings, consider them at all. 4. The said paper writings of January 13 and 15, 1876, did not constitute in law a binding contract or agreement between the signatory parties. 5. The examination

of witnesses by the arbitrators, without notice to or knowledge of the defendants in this case, was contrary to natural justice and unauthorized by law, and, if found as a fact, vitiates the award in this case. 6. If the court finds that one of the arbitrators, in the absence of the other, took testimony on matters material to the subject of the arbitration, which testimony he did not communicate to the other arbitrator, and that this was in the absence of the parties to the arbitration, the award cannot stand. 7. There is not evidence in this case sufficient in law to authorize a finding that the defendants in this case ever consented that the arbitrators might take evidence in their absence, and without notice to them. 8. There is not sufficient evidence in this case to authorize in law a finding for the plaintiff. 9. If the court finds, as a fact, that the parties, by any agreements to submit to arbitration proved in the case, agreed to abide by whatever award the arbitrators should make, it is nevertheless competent for the defendants to show, and, if proved, it is a defence to this action, that the arbitrators, or one of them, took material evidence in their absence, and without their knowledge, until after the rendering of the award. 10. Concealment by the arbitrators, or either of them, from either of the parties to the arbitration, of the fact that they had taken, or were about to take, evidence material to the issue, in the absence of the parties, and without notice to them, if proved, is such misconduct as will avoid the award. 11. The paper writings of January 13 and 15, 1876, do not preclude the defendants from showing, and, if proved, it is a defence to this action, that the arbitrators, or one of them, sought and obtained evidence on matters material to the issue before them from persons not parties to the proceedings, and in the absence and without the knowledge of the defendants in this case, or their representatives, and that this behavior of the arbitrators was unknown to the defendants at the time of signing said paper writings. 12. The award in this case did not follow the submission, and is not an award such as the arbitrators were authorized to make. 13. Under the circumstances under which the paper writings of January 13 and 15, 1876, were made and delivered to the arbitrators, they did not constitute, as matter of law, any part of the agreement to submit claims to arbitration by the parties to this

action. 14. Under the pleadings and upon the evidence, interest can be calculated only from the date of the writ."

The judge gave the third and seventh rulings asked for; and also the fifth, except the words "and, if found as a fact, vitiates the award in this case;" and the tenth, with the addition, "if said concealment was fraudulent, or if the arbitrators, or either of them, intended that by reason of it the parties, or either of them, should accept or agree to accept an award which they would not have accepted or agreed to accept with knowledge of the facts concealed;" and refused to give the others.

The judge found for the plaintiff in the sum of $5,607.92, which was made up of the amount of the original award, $4,004.23, of interest thereon from February 20, 1876, to November 21, 1881, the date of the writ, $1,382.12, and interest also upon the same amount from the date of the writ to October 23, 1882, the date of the finding, $221.57; and the defendants alleged exceptions.

*S. Hoar,* (*D. S. Richardson & G. F. Richardson,* with him,) for the defendants.

*S. H. Goodall,* for the plaintiff.

FIELD, J. The judge before whom this action was tried, without a jury, was warranted by the facts found by him in also finding that the parties, at the time of signing the papers of January 13 and 15, 1876, "had reasonable cause to believe that the arbitrators had obtained information regarding the case elsewhere than at the hearings, and had examined witnesses of whom they had no knowledge."

Assuming that the examination by the arbitrators, without the knowledge of the parties, of the two witnesses, Butterworth and King, and the inquiries also made by the arbitrators without the knowledge of the parties, "regarding the usages and customs of trade relative to the matters submitted to them," would avoid the award, unless such conduct on the part of the arbitrators was either authorized or assented to by the parties, the papers above referred to must be held to establish such assent. It is found that the arbitrators acted with honest purposes and good intentions. It is not found that they intentionally and fraudulently concealed from the parties anything they had done. The parties, then, having reasonable cause to believe

" that the arbitrators had obtained information regarding the case elsewhere than at the hearings, and had examined witnesses of whom they had no knowledge," without, so far as appears, making any inquiries of the arbitrators as to what testimony they had taken, and what information they had obtained, agreed in writing, before the publication of the award, that they " consent to the close of the arbitration, and express our consent and approval of the manner, forms, and means which the arbitrators have used to inform themselves, so as to give a decision. And we also agree that we have no objections to make to anything they have done, or any statement or evidence they may have received or taken, whether the same be known or unknown to us," &c.

These papers constitute a modification of the agreement of submission, which it was competent for the parties to make. The conduct of the arbitrators was not corrupt. The parties have not been deceived by false representations. They have chosen to agree that irregularities on the part of the arbitrators in obtaining information about the case should be waived, without first inquiring specifically what the irregularities were. As the parties could have agreed beforehand that the arbitrators might collect information about the case in any manner they saw fit, they could agree to ratify such a proceeding, if they had not previously authorized it. This they have done under such circumstances that they cannot avoid the award. *Hamilton* v. *Phœnix Ins. Co.* 106 Mass. 395. *Eveleth* v. *Chase*, 17 Mass. 458. *Fox* v. *Hazelton*, 10 Pick. 275.

No error appears in the rulings of the court.

*Exceptions overruled.*