RILEY M. GRAVES, PLAINTIFF IN ERROR, v. H. T. SCOVILLE, DEFENDANT IN ERROR.

1. **Bill of Exceptions:** AFFIDAVIT. Affidavits used as evidence upon the hearing of a motion in the district court will not be considered in the supreme court unless preserved as a part of the record by a bill of exceptions. And when such papers are improperly attached to the record they will, upon motion, be stricken from the files.

2. **Arbitration:** REVIEW ON ERROR: MOTION FOR NEW TRIAL NOT NECESSARY. Where a cause is submitted to an arbitrator, without suit, under the provisions of title 28 of the civil code, and the arbitrator presents and files his award in the district court, such award may be attacked by a motion to reject and set it aside for any legal and sufficient reasons (§ 874, civil code). If such motion is overruled and judgment rendered upon the award, over the objection and exception of the party attacking it, the decision of the district court on such motion may be reviewed upon error without a motion for a new trial having first been made in the district court.

3. ———: AWARD. An award of arbitrators must state the facts found by them and their conclusions of law separately. *Murry v. Mills*, 1 Neb., 456.

ERROR to the district court for Jefferson county. Tried below before MORRIS, J.

*S. N. Lindley* and *Ryan Bros.*, for plaintiff in error.

*Marquett, Deweese & Hall*, for defendant in error.

38

REESE, J.

Before the final submission of this cause defendant in error filed two motions, one to strike from the record the affidavit of Riley M. Graves attached to the bill of exceptions, for the reason that it was not preserved as a part of the record by the proper bill of exceptions, there being no proof that it was considered by the district court in determining the motion to which it is attached. The other to "dismiss the appeal," for the reason that no motion for a new trial or to set aside the judgment was made in the court below.

These motions will be disposed of in the order of their filing, as above indicated. The cause was originally submitted to the arbitration of George W. Hanson, under the provisions of section 862 *et seq.* of the civil code. The submission was in writing, and provided that judgment should be entered upon the award by the district court of Jefferson county. The arbitrator returned his award to the district court. The plaintiff in error then filed a motion to set aside the award, alleging various reasons therefor, and so far as appears, in support of the motion attached thereto his affidavit, which in the motion is referred to as "marked exhibit 'A,'" and made a part of the motion. There is no bill of exceptions. The question presented by the motion is, whether or not, in the absence of a bill of exceptions, what purports to be a copy of the affidavit attached to the files is properly a part of the record.

Upon this question the decisions of this court have been substantially uniform, and it has, with one exception, we think, been held that affidavits used on a hearing in the district court must be embodied in a bill of exceptions in order to be available in the supreme court. In *Tessier v. Crowley,* 16 Neb., at page 372, Chief Justice COBB, in writing the opinion of the court, says: "It has been held

by this court in at least seven cases, substantially, that where evidence has been introduced in the court below which is not properly a matter of record, a party who desires to avail himself of such evidence in the supreme court must preserve the same by a bill of exceptions," citing the cases referred to, and to which might be added *Dorrington v. Minnick,* 15 Neb., 397. *Dolen v. The State,* Id., 405. *Empkie v. McLean,* Id., 629. *Thesing v. School District,* 16 Id., 134. *Frederick v. Ballard,* Id., 559, and others. In the same opinion, *Tessier v. Crowley,* the chief justice further says: "I do not think that anything can be said to belong to the record except the process, pleadings, and journal entries, including, of course, motions, the rulings thereon, references, reports of referees, instructions, verdict, and judgment; any matter of evidence, including affidavits, can only go upon the record by order of the court, and that is the office of a bill of exceptions." It is claimed that the affidavit of Graves does not fall within this rule because it was attached to the motion as an exhibit and made a part of it, and therefore under the rule laid down in *The Republican Valley R. R. Co. v. Boyse,* 14 Neb., 130, no bill of exceptions is necessary to its preservation in the record. The holding in *R. R. Co. v. Boyse* is directly overruled in *Tessier v. Crowley, supra,* and it seems to us correctly. It does not seem to the writer to be consistent with reason to say that the necessity of a bill of exceptions can be obviated by simply saying in the motion or paper to be supported by affidavits that they are attached and made a part of the motion. The purpose of a bill of exceptions is to identify the paper or instrument and designate it as the paper or instrument used on the hearing. If the rule can be obviated by making one affidavit a part of the motion, it can be with any number. A large number of affidavits are frequently filed with a motion and designated therein as a part of it. If one or two affidavits thus filed and designated are

made a part of the motion and of the record, one or two
hundred can as easily be incorporated, and thus a bill of
exceptions will only be necessary because the party filing
counter affidavits had nothing of which he could "make
them a part." But do such affidavits become a part of a
motion by simply calling them such? By section 572 of
the civil code a motion is defined to be "an application for
an order addressed to the court or a judge in vacation by
any party to a suit or proceeding, or one interested there-
in." It is an application for an order. The affidavits
used in support of this application are simply intended to
furnish proof of the existence of the facts set up or pleaded
in the motion. If those facts already appear, whether by
other proofs or a simple inspection of the record, no affi-
davits are necessary. We think there can be but one con-
sistent rule upon this question, and that must be as stated
in *Tessier v. Crowley, supra.* Of course, affidavits which
are intended to be used as pleadings, and affidavits of veri-
fication simply, which are not used as evidence, but for the
purpose of entitling a pleading to a place in the record, and
not being used upon a hearing as evidence, would not fall
within the rule here stated, but would continue to be a part
of the record without the aid of a bill of exceptions. The
motion to strike the affidavit from the files should, there-
fore, be sustained.

The position taken by defendant in error in his second
motion cannot be sustained. No motion for a new trial
was necessary. The award of the arbitrator did not in-
clude the testimony heard upon the trial and none of the
evidence was passed upon by the district court. Section
874 of the civil code provides that "the award may be
rejected by the court for any legal and sufficient reason,
or it may be recommitted for a rehearing to the same arbi-
trators, or any others agreed upon between the parties."
Upon the filing of the award plaintiff in error filed his
motion to reject and set it aside, alleging, as he supposed,

"legal and sufficient reasons" therefor. This motion was overruled and judgment entered upon the award over the objections and exceptions of plaintiff in error. This was all that was necessary in order to procure a review of the decision of the district court upon the motion. The motion to dismiss is therefore overruled.

The cause having been finally submitted upon its merits, it becomes necessary to examine the record unaided by any of the proofs before the district court. The only objection to the award which it is thought necessary here to notice is contained in the first and second objections thereto in the petition in error, and which may be said to strike at the sufficiency and validity of the award. This award consists mostly of a simple tabulated statement of an account. Its caption is as follows:

"Commenced business March 5, 1879; R. M. Graves in account with Graves and Scoville; amount of credits on ledger, and interest on same to March 25, 1883, at ten per cent per annum." The only finding of fact contained in the award is "that there is due from the said R. M. Graves to the said H. T. Scoville, under and by the matters in difference and controversy as set forth in said articles of submission, and submitted to me by the said parties, the sum of one thousand six hundred and fifty-six dollars and eighty-eight cents." The submission is of a partnership account of several years' business and involves the consideration of large sums of money paid out and received by the parties, as well as time and other things of value contributed and received by them. The award is defective in many particulars which we need not notice specifically here. It is not specific or direct and does not, in fact, amount to an award under the provisions of the code. It should state with particularity the amount invested and received by each partner, including as near as practicable the items of payment and of receipt, so that a court in passing upon it could do so understandingly. Section 867 of the civil code

provides that, " All the rules prescribed by law in cases of referees are applicable to arbitrators, except as herein otherwise expressed, or except as otherwise agreed upon by the parties." By reference to section 300 of the code it will be seen that referees " must state the facts found and conclusions of law separately, and their decisions must. be given and may be excepted to and reviewed," etc.

In *Murry v. Mills,* 1 Neb., 456, it was held that the provisions of section 300 are by section 867 made applicable to the report of arbitrators, and that such report must, to have any validity to support a judgment, state the facts found by the arbitrator and the conclusions of law thereon separately. The award in this case was objected to, but the objections were overruled and judgment rendered thereon over the objections and exceptions of plaintiff in error. This, as we have seen, was error.

The decision and judgment of the district court are reversed, and the cause remanded to the district court with direction to reject the award.

JUDGMENT ACCORDINGLY.

THE other judges concur.