JOHN A. WESTOVER, PLAINTIFF IN ERROR, V. JAMES S. ARMSTRONG, DEFENDANT IN ERROR.

Arbitration: FINDING OF ARBITRATORS: JUDGMENT. Where all matters in difference between two parties are submitted to the decision of arbitrators, and such arbitrators, after hearing the evidence, etc., make and file an award in the district court, in which the facts are found separately from the conclusions of law, the judgment of the district court confirming such award and rendering judgment thereon will not be reversed, upon the ground that the arbitrators have not stated the facts found and conclusions of law separately. *Murry v. Mills*, 1 Neb., 456. *Graves v. Scoville*, 17 Id., 593.

ERROR to the district court for Boone county.  Tried below before TIFFANY, J.

*J. E. Philpott,* for plaintiff in error.

*Ryan Bros.,* for defendant in error.

MAXWELL, J.

The plaintiff and defendant had been partners, and entered into an agreement to arbitrate their differences, and the arbitrators made an award as follows: "Whereas, all matters in controversy between James S. Armstrong and John A. Westover, were by them submitted to the undersigned, F. H. Smith, W. F. Wahl, and D. B. Hunter, as arbitrators, by their submission in writing and condition of their respective bonds of submission, executed by the said parties respectively, each to the other, and filed herewith, will more fully appear.

"Now, therefore, the said arbitrators, having been first duly sworn, and having heard the proofs and allegations of the parties, and having examined the matters in controversy by them submitted, do make this award as follows:

"1st.   That the said James S. Armstrong and John A. Westover were engaged as copartners at Albion, Neb., in the law, loan, and collection business; that the partnership between said parties commenced on the 12th day of May, 1882, and continued until the 1st day of January, 1885.

"2d.   That by the terms of the said partnership they were to each share the expenses and profits of the partnership equally.

"3d.   We find that John A. Westover is entitled to a credit of $375.39, moneys expended for the use and benefit of said partnership.

"4th.   We find that John A. Westover should be charged

with the sum of $2,736.64, being moneys drawn out of said partnership business by the said Westover for his individual use and benefit, leaving a balance of $2,361.25 due said firm from the said Westover.

"5th. We find that Jas. S. Armstrong is entitled to a credit of $3,998.32, being moneys loaned to and paid out by him for the use and benefit of said firm.

"6th. We find that Jas. S. Armstrong should be charged with the sum of $5,130.42, being moneys drawn out of the said partnership business by the said Armstrong for his private use and benefit, leaving a balance of $1,132.10 due the firm from said Armstrong.

"7th. We further find the liabilities and assets of the said firm to be as particularly described and set forth in schedules marked 'A' and 'B,' respectively, which are hereunto annexed and form a part of this award.

"8th. From the foregoing we find, and our award is, that the said John A. Westover is indebted unto the said Jas. S. Armstrong in the sum of $614.57 on account of said partnership business.

"9th. We further find that the costs and expenses of this arbitration to be as follows: E. B. Henderson, reporter, $121.50; F. H. Smith and W. F. Wahl, fees as arbitrators, $197."

The only error claimed on behalf of the plaintiff is, that the arbitrators have not stated the facts found and conclusions of law separately. *Murry v. Mills*, 1 Neb., 456. *Graves v. Scoville*, 15 Neb., 453. An examination of those cases, however, will show a failure to state the facts. In the case last cited the only finding of fact was: "That there is due from the said R. M. Graves to the said H. T. Scoville, under and by the matters in difference and controversy, as set forth in said articles of submission, and submitted to me by the said parties, the sum of $1,656.88." And in *Murry v. Mills* the award was: "The said George M. Mills is indebted to the said Thomas Murry in the

sum of two hundred dollars," etc.   In this case, however, the facts are stated separately from the conclusions of law, and appear to be sufficient.   We adhere to our former decisions requiring a statement of the facts found, separate from the conclusions of law; but they have been sufficiently complied with in this case.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.