## EMANUEL G. BURKLAND V. CHARLES A. JOHNSON.

### FILED MARCH 3, 1897. No. 7143.

1. Arbitration and Award: MISTAKE: CORRECTION. Whether an award made in pursuance of title 28, Code of Civil Procedure, may be set aside or modified, on motion, because of a mistake in computation or allowance of interest by the arbitrators,—such mistake not appearing upon the face of the award,—not decided.

2. ———: ———: ———. If such an award may be set aside or modified on motion for such reason it can only be done when it appears that such a mistake was that of all the arbitrators whose concurrence was necessary to the making of the award.

3. ———: DUTY OF ARBITRATORS: CONCLUSIONS OF FACT AND OF LAW. It is the duty of arbitrators chosen and acting in pursuance of the provisions of title 28, Code of Civil Procedure, to make and state separately the conclusions of fact and conclusions of law reached by them, unless the parties to such arbitration have by their agreement of submission waived such requirement.

4. ———: ———: ———: WAIVER. An award made by such arbitrators without a statement of any conclusions of fact or conclusions of law found by them, such requirements not having been waived, is erroneous and a judgment confirming such award may be reversed in a direct proceeding instituted for that purpose.

5. ———: ———: ———: CONFIRMATION. The failure of such arbitrators to make and state the conclusions of fact and law found by them is an irregularity merely, and one that does not render their award void nor oust the district court of jurisdiction to confirm it.

6. ———: WAIVER OF IRREGULARITIES. It is competent for parties to such an arbitration to waive any irregularity in the proceeding which does not go to the jurisdiction of the arbitrators to act, or the jurisdiction of the district court to confirm the award made.

7. Submission of Controversy: ACKNOWLEDGMENT. Parties who submit their differences to arbitration in pursuance of the provisions of title 28 of the Code of Civil Procedure, must acknowledge their agreement of submission before a justice of the peace, and failure to do so will deprive the district court of jurisdiction to confirm the award made or render judgment thereon on motion of the successful party.

8. ———: ———: CONFIRMATION. The failure to acknowledge before a justice of the peace the agreement of submission is not an irregularity that the parties to the arbitration may waive; and their

ratification of an award made under such defective submission will not invest the district court with jurisdiction to confirm such award.

9. **Jurisdiction:** Jurisdiction of the subject-matter of an action cannot be conferred upon a court even by consent.

10. **Arbitration.** The method provided by title 28 of the Code of Civil Procedure for settling differences existing between parties by arbitration is not exclusive. That right existed at common law and has not been taken away by the statute.

11. ——: AWARD: ESTOPPEL. *Held,* In the case at bar, that the plaintiff in error had estopped himself from assailing the award made, either because of the failure of the arbitrators to state the conclusions of fact and conclusions of law found by them, or because of a mistake in computation and allowance of interest alleged to have been made by the arbitrators.

ERROR from the district court of Saunders county. Tried below before WHEELER, J. *Reversed.*

*V. L. Hawthorne* and *Pound & Burr,* for plaintiff in error.

*George I. Wright* and *Good & Good, contra.*

RAGAN, C.

On the 27th of March, 1894, Emanuel G. Burkland and Charles A. Johnson submitted certain differences existing between them to arbitrators. The submission was in writing, duly signed by the parties, and acknowledged by them before a notary public. The arbitrators selected convened and, after a somewhat protracted investigation, made in writing their award as required by the agreement between Burkland and Johnson. The award, so far as material here, is as follows:

"First—We award that E. G. Burkland shall, on or before the 1st day of May, 1894, pay and discharge the judgment and costs in the case of the Saunders County National Bank v. E. G. Burkland and C. A. Johnson, now pending in the district court of said county, and not further prosecute said case.

"Second—We award that C. A. Johnson shall file a dismissal of the suit wherein he is plaintiff and said Burk-

land is defendant at the costs of said Johnson, said suit being for the specific performance of a real estate contract; and the said Johnson shall sign said dismissal and pay the costs in said suit on or before the 1st of May, 1894.

"Third—We award that said E. G. Burkland and C. A. Johnson shall file a dismissal and settlement, at the costs of said C. A. Johnson, in each of the suits for rent which are now pending in the courts of said county, and that C. A. Johnson shall pay the costs therein on or before May 1, 1894.

"Fourth—We award that E. G. Burkland and wife shall make and deliver to said C. A. Johnson, on or before May 1, 1894, a quitclaim to lot one (1), block one hundred and forty-eight (148), in the County Addition to the city of Wahoo, aforesaid.

"Fifth—We award that C. A. Johnson and wife shall make and deliver to E. G. Burkland, on or before May 1, 1894, a quitclaim deed to lots three and four (3 and 4), block one hundred and forty-nine (149), in the County Addition to Wahoo, aforesaid.

"Sixth—We award that said E. G. Burkland shall, on or before the 1st day of May, 1894, pay or secure by good bankable paper to the said C. A. Johnson the sum of three thousand and eighty-nine ($3,089.50) dollars and fifty cents.

"Seventh—We award that upon the compliance with the foregoing awards by the parties, the said E. G. Burkland shall execute and deliver to said C. A. Johnson a release of all actions and causes of action or demands, of whatsoever nature, which existed between them at the time of the execution of the contract and bonds for arbitration, and that the said C. A. Johnson shall execute and deliver to said E. G. Burkland a similar release at same time.

"Eighth—We award that each party pay one-half of the costs of this arbitration."

This award was filed in the office of the clerk of the

district court of Saunders county on the 1st day of May, 1894, and Johnson thereupon moved the court to confirm it. The court caused a notice of this motion to be served upon Burkland, who appeared and moved the court to set aside the award, on grounds that will be hereinafter stated. A large number of affidavits were read to the court in support of the motions filed by the respective parties, which are incorporated into the bill of exceptions and made a part of the record here. The district court found specially that Johnson had in all things ratified and confirmed said award and performed all requirements thereof; that Burkland had accepted said award and the terms and provisions thereof, and had in all things ratified the same and performed all the requirements of said award, except the requirement contained in the sixth item of said award; and thereupon the court sustained the motion of Johnson to confirm said award, confirmed it, and, upon the motion of Johnson, rendered judgment in his favor and against Burkland for the amount awarded the former against the latter by the arbitrators in the sixth item of their award. To reverse this judgment Burkland has prosecuted here a petition in error.

1. One of the grounds of Burkland's motion to set aside the award of the arbitrators was that they had made a mistake in the computation of the amount awarded Johnson in the sixth item of their award, and that this mistake consisted in allowing Johnson certain interest. And the argument is made here that the judgment of the district court confirming the award should be reversed because of this alleged mistake of the arbitrators in the amount awarded Johnson from Burkland. The mistake in computation, if there was one, does not appear upon the face of the award, and whether one party to an arbitration proceeding may, on motion, assail the award made on such ground we do not decide. If an award may be assailed by motion to set it aside because of a mistake in computation made by arbitrators, the relief asked for by

the motion can only be granted; that is, the award can only be set aside or modified for such reason when it appears that such a mistake was made, and that it was the mistake of all the arbitrators. (*Pulliam v. Pensoneau*, 33 Ill., 375.) In the case at bar all the arbitrators do not concur in saying that the amount awarded Johnson was the result of a mistake made by them in computation or in allowing him interest. Indeed, the evidence leaves no doubt in our minds that the award made by the arbitrators was the one they all intended to make, and we therefore conclude that the district court found that no mistake as to computation or allowance of interest had been made by the arbitrators, and the evidence certainly sustains that conclusion. By the agreement of submission entered into between the parties five arbitrators were selected, and the award made by any three of them was to be binding upon the parties to the arbitration proceeding. The award made by these arbitrators is the judgment of the tribunal selected by the parties themselves, and, like any other judgment, it is conclusive and binding upon the parties to the arbitration proceeding, both as to the law and the facts; and the sixth item of the award is the deliberate judgment of three of these arbitrators at least, and it is final and conclusive as against the parties to this proceeding.

2. This arbitration proceeding took place in pursuance of title 28, being sections 862 to 879, both inclusive, of the Code of Civil Procedure. Section 867 of this Code provides that all the rules prescribed by law in cases of referees are applicable to arbitrators, except as herein otherwise expressed, or except as otherwise agreed upon by the parties; and section 300, Code of Civil Procedure, among other things, provides that referees must make a statement of the conclusions of fact and law found by them, and make such statements separately. Another ground of the motion made by Burkland in the district court for setting aside this award, and insisted upon here, is, in effect, that the award made by the arbitrators is

not supported by any findings or conclusions of fact, and that, therefore, the award and the judgment pronounced thereon are erroneous. It is quite clear that the arbitrators in their report stated no conclusions of fact and no conclusions of law. They simply made an award. In other words, the award is a judgment without any findings of fact or conclusions of law on which to rest. Such an award or such a judgment is not void, but voidable and erroneous at most, and a judgment confirming such award may be reversed in a direct proceeding instituted for that purpose. (*Doty v. Sumner*, 12 Neb., 378; *Connelly v. Edgerton*, 22 Neb., 82.) It is also true that it was made the duty of the arbitrators in the case at bar, by the sections of the Code just referred to, to separately state the conclusions of fact and conclusions of law reached by them, as well as to make their award, the parties not having, in their agreement of submission, waived this requirement of the Code. (*Murry v. Mills*, 1 Neb., 456; *Graves v. Scoville*, 17 Neb., 593; *Westover v. Armstrong*, 24 Neb., 391.) The failure of the arbitrators to make and state the conclusions of fact and law found by them was an irregularity merely, but one that did not render their award void nor oust the district court of jurisdiction to confirm it; and these irregularities were of such a nature as the parties to the arbitration proceeding might waive, and notwithstanding their existence the parties to the arbitration might ratify the award made. The district court found specially—and the evidence sustains the finding—that Johnson had accepted and ratified the award made, and had on his part performed everything required of him; that Burkland had ratified the award; had accepted it and performed all things required by the award of him except the sixth item thereof. This award was an entirety, and Burkland having accepted the part thereof that was beneficial to him, is now estopped from assailing the award made for any irregularity in the proceedings of the arbitrators. It was competent for him to waive any irregularity in the arbitration proceeding which did

not go to the jurisdiction of the arbitrators' act or the
jurisdiction of the district court to confirm the award
made; and by his conduct he has waived the failure of
the arbitrators to state the conclusions of fact and law
found by them. (*Thornton v. McCormick*, 39 N. W. Rep.
[Ia.], 502; *Miller v. Brumbaugh*, 7 Kan., 343; *Phillips v.
Couch*, 66 Mo., 219; *Culver v. Askley*, 36 Mass., 300; *Cogswell
v. Cameron*, 136 Mass., 518; *Fudickar v. Guardian Mutual
Life Ins. Co.*, 62 N. Y., 392; *Hays v. Hays*, 23 Wend. [N. Y.],
363; *Jones v. Phœnix Bank*, 8 N. Y., 228; *Hazen v. Addis*,
14 N. J. Law, 333; *State v. Gurnee*, 14 Kan., 111.)

3. Section 863 of the Civil Code provides that parties
who are about to submit matters of difference between
them to arbitration must sign a written agreement of sub-
mission. Section 864 of the Code provides that the par-
ties must then appear before some justice of the peace
of the county and acknowledge the instrument of submis-
sion signed by them to be their free act and deed. The
parties to the arbitration proceeding here complied with
this statute in all respects, except that they acknowledged
their written agreement of submission before a notary
public of the county instead of a justice of the peace. It
was insisted by Burkland in the court below, and is in-
sisted here, that the district court was without jurisdic-
tion to confirm the award made and render a judgment
thereon on motion, because the agreement of submission
to arbitration was not acknowledged before a justice of
the peace. The authorities are uniform, so far as we have
been able to examine them, in support of this contention
of the plaintiff in error.

The statute of arbitrations and awards of the state of
Illinois provides that parties might submit differences
existing between them to arbitration by an instrument in
writing, signed by them and attested by at least one wit-
ness. In *Moody v. Nelson*, 60 Ill., 229, the parties submit-
ted their differences to arbitration by an instrument in
writing, but it was not witnessed, and the supreme court
held that the circuit court was without jurisdiction to

render a judgment upon the award made. The court said: "It is indispensable to the jurisdiction of courts to render judgment upon an award of arbitrators that the submission be executed with the formalities of and contain in substance what is required by the statute." To the same effect see *Low v. Nolte*, 15 Ill., 368.

The Code of Iowa provided that the agreement of parties to submit their difference to arbitration should be acknowledged; and in *Fink v. Fink*, 8 Ia., 313, it was held that an award made in pursuance of an unacknowledged agreement therefor conferred no jurisdiction upon the district court to render a judgment upon the award.

The statute of Massachusetts required an agreement for arbitration to be acknowledged before a justice of the peace. Such an agreement was signed by both parties, but acknowledged by only one of them; and the supreme court of Massachusetts held that the *nisi prius* court had no jurisdiction to render a judgment upon the award made. (See *Abbott v. Dexter*, 6 Cush. [Mass.], 108.)

The statute of Minnesota provides that an agreement for arbitration must be acknowledged before a justice of the peace; and in *Barney v. Flower*, 7 N. W. Rep. [Minn.], 823, the supreme court held: "In a submission to arbitration under the statute the agreement to submit must be acknowledged before a justice of the peace; an acknowledgment before any other officer will not do. The proper acknowledgment cannot be afterwards waived by the parties, even though that objection is not made on the application to confirm the award and for judgment on it."

In *Gibson v. Burrows*, 3 N. W. Rep. [Mich.], 200, it was held: "No rule of arbitration can be enforced by a judgment thereon unless it in all respects conforms to the statutory provisions." To the same effect see *Holdridge v. Stowell*, 40 N. W. Rep. [Minn.], 259; *Heath v. Tenney*, 3 Gray [Mass.], 380; *Burghardt v. Owen*, 13 Gray [Mass.], 300; *Franklin Mining Co. v. Pratt*, 101 Mass., 359; *Darling v. Darling*, 16 Wis., 675; *Steel v. Steel*, 1 Nev., 27.

59

The failure of the parties to the arbitration proceeding to acknowledge their written submission before a justice of the peace was one which went to the jurisdiction of the district court to pronounce a judgment upon the award finally made. In other words, the parties to an arbitration proceeding, in order to make it such a proceeding as the statute contemplated, and as would authorize the district court, on the coming in of the award, to confirm it and render a judgment to carry it into effect, must have complied with the statute. The fact that the parties to the arbitration proceeding accepted the award made and performed the requirements thereof amounted to a ratification of the proceedings of the arbitrators and waived any irregularities on their part, but did not confer jurisdiction on the district court to confirm the award or to render judgment thereon. Jurisdiction of the subject-matter of an action cannot be conferred upon a court even by consent.

We conclude, therefore, (1) that the finding and judgment of the district court to the effect that the sixth item of the award was not the result of a mistake made by the arbitrators in computation or allowing interest were and are correct; (2) that the plaintiff in error, by his conduct, has ratified the award made and is estopped from now assailing it because of the failure of the arbitrators to state the conclusions of fact and conclusions of law found by them; (3) that because of the failure of the parties to acknowledge the agreement of submission before a justice of the peace, the district court was without jurisdiction to confirm the award on motion and without jurisdiction to render a judgment upon the award made. The decree of the district court is

REVERSED.