Roesink v. Barnett.

JOHN ROESINK, ET AL., PLAINTIFFS IN ERROR, V. HENRY C. BARNETT, ET AL., DEFENDANTS IN ERROR.

1. **Practice:** WITHIN WHAT TIME PROCEEDINGS IN ERROR MUST BE COMMENCED. By the act of the legislature, approved February 15th, 1877 [Laws, 1877, p. 14], entitled, "An act to amend section one of an act entitled, 'An act to amend section five hundred and ninety-two of the code of civil procedure, approved February 24th, 1875,'" one year is given from the rendition of the judgment, or the making of the final order complained of, within which to commence proceedings in error thereon. And this act applies to all judgments or final orders entered after it took effect.

2. **Appeals from Judgments of Justices of the Peace:** FILING TRANSCRIPT IN APPELLATE COURT. The judgment in question was rendered by a justice of the peace on the 14th of April, 1877. The statute in force at this time regulating appeals in such cases required the transcript from the justice's docket to be filed in the appellate court by the second day of the next succeeding term. [Gen. Stat., 686]. Before the transcript was filed, and on the first day of June following, the act approved February 19th, 1877, entitled "An act to amend section one thousand and eight, etc., of the code of civil procedure," took effect, by which the transcript was required to be filed within thirty days from the rendition of the judgment. *Held*, that this statute was inapplicable to the appeal in question, and that it was properly perfected under the law as it stood

when the judgment was rendered. *Held further*, that even if this act were applicable, still as section 1011 of the code had not been changed, a failure to file the transcript, unless continued beyond the second day of the next succeeding term, could not prejudice an appeal otherwise regularly taken.

ERROR from the district court for Douglas county. The case is stated in the opinion.

*E. F. Smythe*, for plaintiff in error.

*Albert Swartzlander*, for defendant in error.

LAKE, J.

Two questions are raised on this record. 1st. Whether the proceedings in error were commenced within the time limited by the statute. 2nd. Whether the district court erred in dismissing the appeal from the judgment of the justice of the peace.

Counsel for the defendants in error submit that the petition in error ought to have been filed within six months from the time of making the order complained of, as provided by the act amendatory of section five hundred and ninety-two of the code of civil procedure, approved February 24, 1875. Laws 1875, p. 40.

It is a mistake, however, to suppose that this act of 1875 applies to the order in question. The appeal was dismissed at the June term of the district court, at which time the act of February 15, 1877, by which said section had been again amended so as to give one year within which to prosecute proceedings in error, was in force. Laws 1877, p. 14. This objection was most likely made inadvertently, and under the impression that the act of 1875, above referred to, was still in force.

Did the court err in ordering a dismissal of the appeal? The record shows that the appeal was dismissed

for the sole reason that the transcript was not filed in the appellate court "within thirty days next following the rendition of the judgment." This order was evidently made under the supposition that the act of February 19, 1877, amendatory of section 1,008 of the code of civil procedure, was applicable. Laws 1877, p. 15. By force of section 24, Art. 3 of the constitution, this act could not have taken effect at all "until three calendar months after the 15th of February, the day of the adjournment of the session at which it passed." But, under the act approved February 21, 1873, "concerning the enacting and repealing of statutes," this act being silent on the subject, it did not take effect until the first day of June next after its passage. Gen. Stat., 1,056. Now, the judgment of the justice of the peace was rendered on the 14th day of April, 1877, and the thirty days given by this amendatory statute within which to file the transcript in the district court had fully expired, and, if it were held to be applicable, the effect of the statute would be to deprive the plaintiffs in error of all means for obtaining a review of the judgment against them. It was clear, therefore, that by analogy to the rule adopted in the construction of statutes limiting the time for commencing actions, that they shall not be made to take effect on existing claims without allowing a reasonable time for parties to bring actions upon them before they are absolutely barred by the new enactment, the statute of 1877 was inapplicable, and that the appeal was properly perfected under the law as it stood when the judgment was rendered.

And in addition to this, it may not be out of place to suggest, that even if the act of 1877 were applicable, still the motion to dismiss the appeal could not have been properly sustained. It is true that by this act an appellant is restricted to thirty days within

which to procure a transcript and deliver it to the clerk of the court to which the appeal is taken. But it will be noticed that section 1,011 of the original act regulating appeals, and which still governs in their dismissal, was not changed. Gen. Stat., 687. By this section, to authorize the dismissal of an appeal because of delay in filing the transcript in the appellate court, such delay must extend beyond "the second day of the term of said court next after such appeal" was taken. Therefore, by construing section 1,008, as amended, together with section 1,011, as we must necessarily do, it is apparent that the former, to the extent at least of its requirement as to the time of filing the transcript in the appellate court, is simply directory, and that a failure to comply with its provisions in this particular, unless continued beyond the second day of the next succeeding term, cannot prejudice an appeal otherwise regularly taken. For these reasons the judgment of the court below is reversed, and the cause remanded, with instructions to reinstate the appeal.

REVERSED AND REMANDED.