J. H. CLAPP, PLAINTIFF IN ERROR, V. BOWMAN & WARE, DEFENDANTS IN ERROR.

1. **Bill of Exceptions:** AFFIDAVITS. An affidavit used in resistance of a motion to dismiss an appeal on the ground that the transcript, etc., of the proceedings before the justice were not presented to the clerk of the district court within the time required by law cannot be considered in this court on a proceeding in error to the district court to reverse its judgment sustaining such motion, and dismissing the appeal, unless such affidavit is preserved by bill of exceptions and so made a part of the record.

2. **Appeal from Justice of the Peace:** FILING TRANSCRIPT. Sections 1008 and 1011 of the code of civil procedure, as the same stood prior to the amendment of the latter section by the act of 1887, being *in pari materia*, must be construed together, and being so construed together, *Held*, That the transcript of the proceedings before the justice of the peace not having been presented to the clerk of the district court until after the second day of the term of the district court next after such appeal, and more than thirty days having elapsed since the rendition of the judgment appealed from before the filing of such transcript, the dismissal of such appeal by the district court was right, and must be affirmed.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Burke & Prout,* for plaintiff in error.

*Hazlett & Bates,* for defendant in error.

COBB, J.

This case arose upon appeal to the district court of Gage county from the judgment of a justice of the peace. Bowman & Ware sued Clapp & Brubaker in justice's court, and upon issue joined and trial to a jury recovered a judgment against them on the 30th day of June, 1885, and it appears from the transcript that an appeal bond, with surety which was approved by him, was filed in the office of the justice on the 10th day of July following. A transcript of the proceedings before the justice was filed with the clerk of the district court on the 21st day of September following. On the 10th day of October following Bowman & Ware appeared in the district court and moved to dismiss the appeal, for the reason that the transcript and papers in the lower court were not filed in the district court within the time provided by law. This motion was finally sustained and the appeal dismissed, which judgment the defendant and appellant, Clapp, brings to this court on error, assigning for error the sustaining by the district court of the said motion, the dismissing of the said appeal, and striking the said cause from the docket.

Upon the cause being docketed in this court the defendants in error filed a motion to strike from the files of the case a certain affidavit and exhibits thereto, for the reason that the same had not been made a part of the record by bill of exceptions.

In disposing of the case the consideration of this motion comes first in logical sequence. There is no bill of exceptions in the case, and so, as nothing has been added to the record by order of the court, it is obvious that no paper not appertaining to the record proper is entitled to a place

therein, or to be considered in disposing of the questions involved.

In the case of *Tessier v. Crowley*, 16 Neb., 369, the present writer, in the opinion of the court, said: "I don't think that anything can be said to belong to the record except the process, pleadings, and journal entries, including, of course, motions, the rulings thereon, references, reports of referees, instructions, verdicts, and judgment. Any matter of evidence, including affidavits, can only go upon the record by order of the court, and that is the office of a bill of exceptions." In the same case we cited seven cases wherein this court had distinctly held that, "Where evidence has been introduced in the court below which is not properly a matter of record, a party who desires to avail himself of such evidence in the supreme court must preserve the same by a bill of exceptions." We also cited the only case wherein this court had expressed an opinion in conflict with the above cases, which latter opinion we declared not to be law, as we understood it. Since the above case, in the sixteenth volume of our reports, the point has been presented to this court in at least six cases, cited by counsel for defendants in error, in all of which the opinions have been in harmony therewith, and the rule of those cases cannot be departed from now. The motion must therefore be sustained.

Plaintiff in error contends that even if the motion to strike the affidavit and exhibits from the files prevails, there is still error in the record calling for a reversal of the judgment.

The statute relating to appeals from justices of the peace, among other things, provides as follows: "Sec. 1008. The said justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken,

within thirty days next following the rendition of such judgment; and such justice shall also deliver or transmit the bill or bills of particulars, the depositions, and all other original papers, if any used on the trial before him, to such clerk on or before the second day of such term," etc.

Section 1011, at the date of these proceedings, provided as follows: "Sec. 1011. If the appellant fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, on or before the second day of the term of the said court next after such appeal, the appellee may, at the same term of said court, file a transcript of the proceedings of such justice, and the said cause. shall, on motion of the said appellee, be docketed; and the court is authorized and required on his application either to enter up a judgment in his favor, similar to that entered by the justice of the peace, and for all costs that have accrued in the court, and award execution thereon; or such court may, with the consent of such appellee, dismiss the appeal at the costs of the appellant, and remand the cause to the justice of the peace to be thereafter proceeded in as if no appeal had been taken," etc.

In the case of *Roesink v. Barnett*, 8 Neb., 146, these two sections of the code were construed together, and it was there held that even if section 1008 was applicable to that case, it having become a law between the date of the taking of the appeal and the expiration of the time required for its filing under its terms, "still, as section 1011 of the code had not been changed, a failure to file the transcript, unless continued beyond the second day of the next succeeding term, could not prejudice an appeal otherwise regularly taken." The law thus stated was followed in the subsequent case of *Monell & Lashly v. Terwilliger*, Id., 360.

Applying this rule to the case at bar, then, the decision must depend upon the fact whether the failure to file the transcript was continued beyond the second day of the next succeeding term of the district court. This court

will take judicial cognizance of the time fixed under the provisions of law for holding the regular terms of the district courts in each county of the state. The time fixed under such provisions of law for holding the fall term of the said court of Gage county for said year, 1885, was Monday, September 14th, so that the second day of the term next succeeding the taking of the appeal in the case at bar was Tuesday, September 15th; and it necessarily follows that at any time after said last named day it was competent for the court, on motion of the appellees, to dismiss the appeal.

While the above is conclusive of the case, it may not be out of place to say that among the papers stricken from the files for the reason that they had not been made a part of the record by bill of exceptions, is a certified copy of a journal entry showing that the district court met on the 14th day of September in regular session, on which day, upon the petition of the members of the bar of Gage county, the term was adjourned to Monday, the 21st day of said month, and counsel for plaintiff in error contend that in consequence of the said adjournment, Tuesday, the 15th, was not a day of said term at all, and so cannot be treated as the second day of the term, but that Monday, the 21st day of the month (the court only having been held one day previous thereto), should be held to be the second day of the term, and the transcript having been filed on that day, the appeal was perfected in time.

This precise point was presented to the supreme court of Ohio in the case of *Lindsay v. Thompson*, 10 O. S., 452, under a statute of which ours is a copy, and upon facts substantially the same as those of the case at bar, and the judgment of the court of common pleas dismissing the appeal was affirmed.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.