W. J. WILSON, PLAINTIFF IN ERROR, v. C. A. WILSON, DEFENDANT IN ERROR.

Appeal from Judgment of Justice: FILING TRANSCRIPT. C. A. W. obtained a judgment in a justice court against W. J. W., July 1, 1884. Within ten days thereafter W. J. W. presented to, and filed with, the justice an undertaking for an appeal, which was approved, but failed to present to, and file with, the clerk of the district court a certified transcript of the proceedings, including the undertaking, on or before the second day of the next term of the said court, held more than thirty days after the ren-

dition of said judgment.   At the October, 1886, term of said court, two terms of court having intervened, C. A. W. filed a transcript of the proceedings of the justice, and on his motion the cause was docketed, and a judgment entered in his favor similar to that entered by the justice.   On error, *Held*, That the right of C. A. W. to proceed in that manner was not limited to "the same term" at which W. J. W. first became in default, and that the judgment be upheld.

ERROR to the district court for Dundy county.   Tried below before GASLIN, J.

*E. W. Metcalfe* and *J. N Lucas*, for plaintiff in error, cited : *Smails v. White*, 4 Neb., 356.   *Verges v. Roush*, 1 Id., 113.   *Horn v. Miller*, 20 Id., 104.

*J. Byron Jennings*, for defendant in error.

COBB, J.

This action was originally brought before J. M. Morris, a justice of the peace of Dundy county.   Both parties appeared at the trial, waived a jury, and on hearing, July 1, 1884, judgment was rendered for the plaintiff for $176.55 and costs.

The defendant, within ten days, entered into an undertaking for an appeal to the district court, but failed to deliver, by himself or an agent, a certified transcript of the proceedings, including the undertaking, to the clerk of the district court within thirty days next following the rendition of the judgment, as provided by Sec. 1008 of the civil code ; and also failed to deliver the transcript and other papers therein to the clerk of said court, and have his appeal docketed on or before the second day of the term of said court, held more than thirty days from the rendition of said judgment, next after his appeal, in accordance with Sec. 1011 of the civil code, but made default in both requirements to perfect his appeal.

Subsequently, at the October term of said court, October 19, 1886, two terms having intervened, the plaintiff filed a transcript of the proceedings of said justice. On his motion the cause was docketed, and on his application judgment was entered up in his favor similar to that entered by the justice, and execution awarded for $191.70, the amount and costs, and $1.15 costs of court, in accordance with Sec. 1011 of the civil code.

The cause was then brought to this court by the petition in error of the defendant, who assigns the following errors:

*First.* The judgment is not sustained by sufficient evidence.

*Second.* The judgment is not sustained by any evidence.

*Third.* The court had no jurisdiction to render the judgment over the person of the defendant.

*Fourth.* The court had no jurisdiction to render the judgment over the subject-matter of the proceeding or action.

*Fifth.* That the rendition of the judgment was contrary to law.

Counsel for the plaintiff in error commences his brief with the statement that, " July 1, 1884, the defendant in error obtained a judgment against the plaintiff in error, in justice's court in Dundy county. Plaintiff in error, in due time, filed his appeal undertaking in the district court, but never filed the transcript. At the third term of court thereafter, on the 19th day of October, 1886, the defendant in error made his motion in writing for leave to file the transcript, and asked for a judgment similar to the one granted by the justice, all of which was sustained by the court, and judgment rendered accordingly." And counsel argues from the premises that the district court was without jurisdiction, either of the person of the plaintiff in error or of the subject-matter of the suit, for the reason that the plaintiff in error having failed to perfect the appeal, and the defendant in error having failed to present

the transcript to be docketed at the next succeeding term of the district court after the judgment of the justice, in accordance with Sec. 1011 of the civil code, the court had no authority to extend the time, and was therefore without jurisdiction to docket the transcript or to render judgment thereon.

It was doubtless for the purpose of providing for cases like this that Sec. 1011 of the code was enacted.

Sec. 1006 provides for an appeal, by either party, from the final judgment of any justice of the peace in all cases not otherwise specially provided for by law.

Sec. 1007 provides that, "the party appealing shall, within ten days from the rendition of judgment, enter into an undertaking to the adverse party, with at least one good and sufficient surety, to be approved by such justice, in a sum not less than fifty dollars in any case, nor less than double the amount of judgment and costs, conditioned: *First.* That the appellant will prosecute his appeal to effect and without unnecessary delay. *Second.* That if judgment be adjudged against him on the appeal, he will satisfy such judgment and costs."

Sec. 1008. "The said justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken, within thirty days next following the rendition of such judgment; and such justice shall also deliver or transmit the bill or bills of particulars, the depositions and all other original papers, if any, used on the trial before him, to such clerk on or before the second day of such term; and all other proceedings before the justice of the peace in that case shall cease and be stayed from the time of entering into such undertaking."

Sec. 1009 provides that the clerk, on receiving such transcript and other papers, shall file the same and docket the appeal.

Sec. 1010 provides the manner of proceeding, and the pleadings, in such cases, in the district court.

Sec. 1011 provides the manner of proceeding, on failure to perfect appeal, that if the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid, on or before the second day of the term of the said court "next after such appeal, the appellee may, at the same term of said court file a transcript of the proceedings of such justice, and the said cause shall, on the motion of said appellee, be docketed; and the court is authorized and required, on his application, either to enter up a judgment in his favor, similar to that entered by the justice of the peace, and for all the costs that have accrued in the court, and award execution thereon; or such court may, with the consent of such appellee, dismiss the appeal at the cost of· the appellant, and remand the cause to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken; and if the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such appeal to be docketed, according to the provisions of this chapter, shall fail to file his petition, or otherwise neglect to prosecute the same to final judgment, the said plaintiff shall become non-suited, and it shall be the duty of said court to render judgment against such appellant for the amount of the judgment rendered against him by the justice, together with interest accrued thereon, and for costs of suit, and to award execution therefor, as in other cases."

There is no dispute in this case as to the plaintiff's right, below, to file the transcript and move the court either to enter up judgment thereon, similar to that of the justice of the peace, or to dismiss the appeal at the costs of the defendant below, if such transcript be filed and such motion be made within the time provided in section 1011. But it is the contention of the plaintiff in error that such action,

taken at the third term, instead of the first term, of the court after judgment, was too late for the court to take jurisdiction, in the manner prescribed, of the proceedings before the justice's court; that the defendant in error having failed to file a transcript of his judgment "at the same term" he was entitled to, by the default of the plaintiff in error to perfect his appeal, he thereby lost his opportunity and his right to avail himself of that alternative as a remedy.

This section has heretofore been before the court for construction in other cases.    In that of *Clapp v. Bowman*, 22 Neb., 198, it was held, "that the transcript of the proceedings before the justice of the peace not having been presented to the clerk of the district court until after the second day of the term of the ' court next after such appeal,' and more than thirty days having elapsed since the rendition of the judgment appealed from before the filing of such transcript, the dismissal of such appeal, under sections 1008 and 1011 of the civil code, was not error."    It is by strong implication, therefore, that it would have been equally proper for the court, instead of dismissing the appeal, to have rendered the same judgment, as in this case, rendered in the justice's court.

It must be considered that a strict statutory construction of Sec. 1011 would limit the authority of the court to the first term, occurring more than thirty days from the rendition of the judgment appealed from, for the appellee to avail himself of the right to file the transcript, which had been neglected by the appellant, and claim an affirmation of the judgment of the justice; or the alternative dismissal of the appeal.    But I do not think this section should receive that form of construction; its language is directory rather than mandatory of the appellee's privileges; it *permits* the filing of his transcript and motion to the court immediately, "at the same term" of the appellant's default, but does not require it; nor does it re-

strict or limit the authority of the court. In the case at bar the judgment was for a considerable sum; the defendant, whether intentionally or not, staid proceedings merely by his undertaking to appeal and his default in perfecting it. As a consequence and penalty of that default the law empowered the judgment creditor to supply the record thus neglected, to complete the cause thus abandoned, and to move that the original judgment be affirmed in the appellate court without limitation, as to time, by the words found in the section. The necessary sense of the section seems to preserve and extend the appellee's rights, and his remedy is not lost by his own leniercy, nor exhausted by the dilatory acts of the judgment debtor. While there may be a motive of procrastination and delay in the judgment debtor to prevent the collection of the judgment, there could be no motive of avarice or oppression actuating the creditor to postpone the legal steps towards the collection of his debt. It sometimes happens in the lesser settlements of new counties that a term of the district court is adjourned on the second day, so that the right of an appellee accruing after that day, and limited to that term, by an overstrict construction of this section would be lost.

I think a fair and necessary construction of the law permits the appellee to avail himself of the remedy provided in section 1011 of the civil code at any future term after the accruing of his right to file his transcript and apply for judgment. The language that "*the appellee may, at the same term of said court,*" is to be taken as words of enlargement, permission, and privilege, meaning *even* at, or *as early as*, the same term of the court, and by no means in the sense of a restriction to the same term of the court, and to that term only.

JUDGMENT AFFIRMED.

THE other judges concur.