CHAS. H. WILDE v. FREDERICKA PREUSS.

[FILED JANUARY 20, 1892.]

Justice of the Peace: APPEAL: TRANSCRIPT FILED BY AP-
PELLEE AFTER TIME. Where a party to a judgment rendered
by a justice of the peace files an undertaking for an appeal within
ten days after the date of the judgment, but fails to file a tran-
script of the proceedings in the district court within thirty days
next following the rendition of the judgment, the appellee
may file such transcript and have the cause docketed; and the
district court is authorized, on his motion, either to dismiss the
appeal, or enter a judgment in his favor similar to that rendered
by the justice.

ERROR to the district court for Cuming county. Tried
below before POWERS, J.

T. M. Franse, for plaintiff in error.

J. F. Losch, contra, cited: Strine v. Kaufman, 12 Neb.,
423; Raymond v. Strine, 14 Id., 236; Cleghorn v. Water-
man, 16 Id., 227; Lincoln Brick & Tile Works v. Hall, 27
Id., 877; Muldoon v. Levi, 25 Id., 457.

NORVAL, J.

This suit was brought by the defendant in error against
Charles H. Wilde before a justice of the peace of Cuming
county to recover the amount of a promissory note. After
the action was commenced the trial was postponed by the
justice several times at the request of both parties; the last
adjournment being to May 14, 1889. The defendant's
attorney, Mr. Franse, filed an affidavit denying the execu-
tion and delivery of the note.

On the 14th day of May, 1889, a judgment was rendered
in favor of the plaintiff in the action for $85.45. Four
days later the defendant filed a motion to set the judgment

aside on the ground that it was rendered in his absence, which being overruled, the defendant filed an undertaking with the justice on May 21, 1889, for an appeal to the district court, which bond was duly approved. The appellant failed to file a transcript of the proceedings in the district court within thirty days next following the rendition of the judgment, as provided by section 1008 of the Code of Civil Procedure. Subsequently, on the 19th day of September, 1890, the defendant in error filed a transcript of the proceedings of the justice in the district court and caused the case to be docketed, and on his motion the district court, over the objection and exception of the plaintiff in error, entered a judgment in favor of the defendant in error similar to that rendered by the justice court.

Section 1011 of the Code points out the method of procedure when the appellant fails to file a transcript in the district court, and perfect his appeal within the time provided by statute. The section reads: "If the appellant shall fail to deliver the transcript and other papers, if any, to the clerk, and have his appeal docketed as aforesaid within thirty days next following the rendition of said judgment, the appellee may, at the first term of the district court after the expiration of thirty days, file a transcript of the proceedings of such justice, and the said cause shall, on motion of said appellee, be docketed; and the court is authorized and required, on his application, either to enter up a judgment in his favor similar to that entered by the justice of the peace, and for all the costs that have accrued in the court, and award execution thereon, or such court may, with the consent of such appellee, dismiss the appeal at the cost of the appellant, and remand the cause to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken," etc.

The defendant in error, on the failure of the appellant to file a transcript of the judgment in the district court within thirty days after the rendition of the judgment, had

the choice of either of two remedies.    He was authorized
to file such transcript, have the cause docketed, and the
appeal dismissed, or on the filing of such transcript to have
a judgment entered in his favor similar to that entered by
the justice.    The procedure followed in the case at bar is
within the letter of the above section of the statute, and
in line with the numerous decisions of this court. (See
*Clapp v. Bowman,* 22 Neb., 198; *Wilson v. Wilson,* 23 Id.,
455; *Slaven v. Hellman,* 24 Id., 646 ; *Converse Cattle Co.
v. Campbell,* 25 Id., 37; *Muldoon v. Levi,* Id., 457.)

The fact that the appellant, nearly three months after the
rendition of the judgment by the justice, filed in the district
court a transcript of the proceedings and a petition in error,
did not take away from the district court the jurisdiction
or power to enter the judgment it did.    Such power is con-
ferred by statute in all cases where the appellant fails to
perfect his appeal in time.    This is perfectly clear, and
argument could not make it plainer.

Whether the justice erred in overruling the motion of
the defendant to set aside the judgment we are not now
called upon to decide, as no such question was presented in
the appeal case to the court below.    It is the decision of
the district court alone that is before us for review, and
there being no error in its rulings, the judgment is

AFFIRMED.


THE other judges concur.