AULTMAN AND TAYLOR CO., PLAINTIFF IN ERROR, V. MARTIN HOWE, DEFENDANT IN ERROR.

1. Bill of Exceptions: AFFIDAVITS. Affidavits used on a hearing in the district court must be preserved by a bill of exceptions in order to be considered by the supreme court. A certificate by the clerk of the district court that such affidavits were used on the hearing of the cause must be disregarded, not being authorized by the statute.

2. Homestead Law of 1877. Under the act approved Feb. 19, 1877, the mere failure of a party claiming a homestead to have the same marked and platted does not leave the homestead liable to sale upon execution, but it is the duty of the officer holding the execution to mark and plat the same before selling any portion of the premises of which the homestead is a part, and a failure to do so will render the sale invalid.

Error to the district court of Lancaster county, where a motion of defendant Howe to set aside a sale of real estate made upon an execution, on the ground

NOTE.—The lands selected as a homestead must be actually used for that purpose at the time judgment is recovered. *Bowker v. Collins*, 4 Neb., 496. Prior to the act of 1877, Laws p. 34, a sale of the homestead by the debtor was a relinquishment of the protection afforded by the homestead law, and rendered a judgment lien capable of enforcement by execution. *Eaton v. Ryan*, 5 Neb., 49. See also *State Bank v. Carson*, 4 Neb., 498. *Rector v. Rotton*, 3 Neb., 171. But under the act of 1877 the homestead was " exempt from

Aultman v. Howe.

that the same was a homestead, was heard and sustained by POUND, J.

*W. H. Snelling*, for plaintiff in error.

A judgment, regular upon its face, is conclusive against the defendant, and the homestead right cannot be tried on motion to set aside sale. *Rector v. Rotton*, 3 Neb., 171. *Cook v. King*, 8 Cal., 347. *Slaughter v. Detiney*, 15 Indiana, 49. *State v. Melengue*, 9 Ind., 715. *Perkins v. Bragg*, 29 Ind., 507. *Savings Bank v. Wheeler*, 20 Kansas, 630. The homestead claimed must " *be owned and occupied* " by the defendant. *State Bank v. Carson*, 4 Neb., 478. *Eaton v. Ryan*, 5 Neb., 47. Thompson on Homesteads, 100, also 102, and pages 240, 241, 244, 246, 247 and 248. Occupancy must be personal and not by tenant. Thompson on Homesteads, 255, 257, 258. *Hoyt v. Howe*, 3 Wis., 152. *Trustees Baltimore Annual Conference v. Schellett*, 17 Wis., 309.

*Hunter & Sawyer*, for defendant in error, cited Thompson on Homesteads, sec. 625 and cases cited. *Abbot v. Cromartie*, 72 N. C., 292. *Pardee v. Lindley*, 31 Ill., 187. *Moore v. Titman*, 33 Ill., 368. *Rector v. Rotton*, 3 Neb., 174. *Bowker v. Collins*, 4 Id., 496. *Eaton v. Ryan*, 5 Id., 48. Laws 1877, 36, sec. 14. *Miller v. Rolph*, 8 Neb., 439.

MAXWELL, CH. J.

In February, 1879, the plaintiffs recovered a judgment against the defendant in the county court of

judicial sale." And now, under the act of 1879, Laws p. 58, the homestead is " exempt from judgment liens and forced sale except on debts secured by mechanics', laborers', or vendors' liens, and on debt secured by mortgage executed by both husband and wife or an unmarried claimant."—REP.

Lancaster county, for the sum of $470.41, and $31.54 costs of suit. A transcript of the judgment was thereupon filed in the office of the clerk of the district court, and an execution issued thereon, which was levied upon certain lands belonging to the defendant, which were sold under said execution and purchased by the plaintiffs for the sum of $400. Upon the sale being reported to the court the plaintiffs filed a motion to confirm the same, and while the motion was pending the defendant filed a motion to set the same aside because said lands were owned and occupied by defendant as a homestead. The motion to set the sale aside was sustained, to which ruling the plaintiff excepted, and now brings the cause into this court by petition in error.

A number of affidavits certified by the clerk of the district court, but not included in a bill of exceptions, are presented for our consideration upon the assurance that they were used on the hearing of the motions in the court below. Such affidavits cannot be considered. This court has already decided that affidavits not properly a part of the record can only be made such by being embodied in a bill of exceptions. *Ray v. Mason*, 6 Neb., 101. *Credit Foncier of America v. Rogers*, 8 Id., 34.

A mere certificate of the clerk of the district court that certain affidavits were used on the hearing in the court below is not such an authentication as is required by the statute. A bill of exceptions must, except in case of the death of the judge after the exceptions are taken, be signed by a judge of the district court, and if not so signed cannot be considered. There being no bill of exceptions, and no evidence before this court, there is nothing in the record to show that the court erred in setting aside the sale.

Under the act approved Feb. 19, 1877, a homestead

Aultman v. Howe.

is liable "for taxes accruing thereon, and if platted as required by law is only liable for such taxes, and subject to mechanics' liens for work, labor, or materials done or furnished exclusively for the improvement of the same, and may be sold for debts created by written contract executed by persons having the power to convey, and expressly stipulating that the homestead is liable therefor, but it shall not in such case be sold except to supply the deficiency remaining after exhausting the property pledged for the payment of the debt in the same written contract." Laws 1877, pages 34–5.*

Section 9 of the act provides that "the owner, or the husband or wife, may select the homestead and cause it to be marked out, platted, and recorded, * * * a failure in this respect does not leave the homestead liable, but the officer having an execution against the property of a defendant may cause the same to be marked off, platted, and recorded," etc. It is clear from these provisions that a homestead under the act of Feb. 19, 1877, is not liable to sale upon execution, and in case the same is not platted and recorded it is the duty of the officer to plat the same before selling any portion of the premises of which the homestead is a part; and a failure to do so will render the sale invalid. *White v. Rowley*, 46 Iowa, 680. *Linscott v. Lamart*, Id., 312. As there is no error in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

* Since repealed, Laws 1879, 61.