THE REPUBLICAN VALLEY RAILROAD COMPANY, PLAIN-
TIFF IN ERROR, V. HIRAM BOYSE ET AL., DEFENDANTS
IN ERROR.

1. **Verdict:** EVIDENCE. Evidence examined and found sufficient
   to support the verdict.

2. **Error:** EXCEPTION. In order to lay the foundation for review-
   ing a ruling of the trial court on the admission of evidence, an
   exception is necessary.

3. **Affidavits.** It is only where affidavits are not otherwise a part
   of the record that their incorporation in a bill of exceptions
   is required.

4. **Juror:** PREJUDICE. When the conduct or appearance of a
   juror during the trial is relied on to show prejudice, its effect
   must necessarily be left almost exclusively to the judgment of
   the presiding judge.

ERROR to the district court for Harlan county, where
the cause had been brought on appeal from award of com-
missioners of damage occasioned by the taking of right
of way for plaintiff's railroad over defendant's premises.
Tried below before GASLIN, J.

*Marquett & Deweese*, for plaintiff in error.

*Lamb, Billingsley & Lambertson*, for defendant in error.

LAKE, CH. J.

The errors complained of may all be considered under
three heads:
*First.* That the verdict is not sustained by the evidence.
*Second.* Rulings of the judge on admission of evidence.
*Third.* Prejudice of one of the jurors.
On the first point, but little need be said. The testi-
mony took a very wide range on the question of damages,
and some of it, doubtless, might have been excluded if it
had been objected to at the proper time. But, having been

given to the jury without objection, the question of its admissibility will not be considered on proceedings in error. On the question of damages, the testimony of the different witnesses, singularly enough, ranged from nothing at all to ten thousand dollars. The verdict returned by the jury was eighteen hundred and twenty-nine dollars, which, taking the interest into the estimate, was really less than the damages found by the commissioners appointed at the instance of the railroad company, their estimate being just eighteen hundred dollars. We are of opinion that even if the finding of the jury had been for a considerably larger amount, or even a much smaller, the evidence would have supported it. In considering this question of damages, the fact should not be overlooked that the lower estimates, those made by witnesses called by the railroad company, were based upon, and necessitated a removal of the mill from the place where it stood on the river bank across the railroad track, some two hundred feet distant, and a connection with the water power by means of shafting or an iron cable, while those of the other side were made in view of letting the mill remain where it then stood. We suppose the latter estimate was made upon the true basis; for it was the right of the defendants to operate their mill where they had placed it before the road was located, and the damages might have been estimated with the view of it remaining there.

Under the second head of errors, we find it claimed that the court erred in not excluding the testimony of Dennis Dean. This witness, who showed himself an expert in the matter of mills and the milling business, was permitted to testify in chief, at considerable length, without a solitary objection being interposed. He was then thoroughly cross-examined, after which it was moved "to strike out" his testimony, "for the reason that the same is incompetent, in that the damages estimated by the witness are consequential and remote." In view of the course of the examina-

tion of this witness and what he had said, this motion came too late, and included too much.    Although portions of his testimony were objectionable, some of it at least was not.    Besides, to the ruling of the court on the motion no exception was taken, from which we must now consider that it was satisfactory.

The only remaining ground upon which a reversal is asked is the alleged prejudice of a juror.    This it is claimed is shown by certain affidavits presented to the trial judge. For the defendants in error, it is contended that these affidavits cannot now be considered, because they were not made a part of the record by a bill of exceptions.    These affidavits, however, needed no bill of exceptions to make them a part of the record.    They were made such by having been attached to and made part of the motion for a new trial.    It is only where they are not otherwise properly a part of the record that a bill of exceptions is requisite to make them so.    *Aultman v. Howe*, 10 Neb., 8.

These affidavits show simply that, after the jury had been charged and were about to retire to consider of their verdict, one of their number, Jabez Cobledick, addressing the judge, said:    "I want to ask a question—Are we assured that the railroad company will allow this power to be transmitted across their track?"    In view of the theory of the case, as taken by the railroad company, which required a removal of the mill from its present site, although not within the right of way, and the transmission of power across the track by means of a shaft or cable, this was a pertinent inquiry, and should have received a civil and intelligible answer.    Thus far during the trial, it seems to have been taken for granted that no impediment would or could be interposed by the railroad company to this mode of conveying power from the stream to the mill, at the place where it was suggested it might be moved, and it was not at all remarkable or unreasonable that the question put by this juror was suggested to his mind, or that he desired

R. V. R. R. Co. v. Boyse.

light upon it. Instead of light, however, he received for answer, simply, "I have given you your instructions." Upon which, as the affidavits show, " Cobledick, speaking excitedly and with apparent anger: 'Well, I want to know? When I was in Illinois, the railroad cut across my land, and cut me off from my warehouse, and I never could get across to it. I never got a cent for it.'" This rejoinder was but the statement of a fact, occurring between himself and another railroad company, as an illustration, merely, of the possible predicament in which the defendants in error might be left in case of the removal of their mill to the site suggested across the track. It was his reason for asking the question—a view of the case which might incline him to give damages commensurate with the loss occasioned by the mill remaining where it then stood.

But it is said that the juror spoke "with apparent anger." Toward whom did he so speak? Certainly not the plaintiff in error. His words were addressed to the judge, and indicate anger toward his honor, for the rebuff he had given, rather than any one else. Besides, there is nothing in the verdict, considered in the light of the evidence, to indicate that it was at all influenced by hostility or prejudice against the railroad company. When the conduct or appearance of jurors, during a trial, is relied on to show prejudice, its effect must necessarily be left almost exclusively to the judgment of the presiding judge. He is in a far better situation to know what it indicated than we are. On the whole, we discover no ground for a new trial.

JUDGMENT AFFIRMED.