LOUIS TESSIER, PLAINTIFF IN ERROR, v. V. A. CROWLEY, DEFENDANT IN ERROR.

1. **Attachment:** AFFIDAVITS. An affidavit for an order of attachment in the following form: (Venue.) "Charles O. Bates, one of the attorneys for the plaintiff, being duly sworn, on his oath says," etc., *Held*, Sufficient.

2. **B'll of Exceptions.** Affidavits used at the hearing of a motion to dissolve an attachment will not be considered by this court unless preserved by a bill of exceptions.

3. **Attachment.** The statute relating to attachments does not require the order of attachment to recite the making of the affidavit or the giving of the undertaking required by law. But to do so is good form.

26

| | |
|---|---|
| 16 | 369 |
| 17 | 149 |
| 17 | 208 |
| 17 | 594 |
| 17 | 595 |
| 17 | 596 |
| 22 | 200 |
| 23 | 252 |
| 24 | 388 |
| 24 | 616 |
| 16 | 369 |
| 25 | 375 |
| 16 | 369 |
| 27 | 192 |
| 27 | 671 |
| 16 | 369 |
| 29 | 322 |
| 16 | 369 |
| 30 | 557 |
| 32 | 299 |
| 32 | 518 |
| 16 | 369 |
| 36 | 634 |
| 16 | 369 |
| 39 | 523 |
| 16 | 369 |
| 49 | 515 |
| 52 | 551 |
| 53 | 210 |

4. ———: ORDER: VARIANCE. A discrepancy between the amount sworn to in the affidavit, and the amount of plaintiff's claim named in the order of attachment which is favorable to the defendant can not be assigned for error by him.

ERROR to the district court for Gage county. Motion to dissolve attachment issued in the cause overruled. Tried below before DAVIDSON, J.

*T. D. Cobbey*, *W. H. Ashby*, and *J. E. Cobbey*, for plaintiff in error, on insufficiency of affidavit, cited: *Miller v. Chicago, Mil. & St. Paul R. R.*, 17 N. W. R., 130. *Hill v. Hoover*, 5 Wis., 354. *Sloane v. Anderson*, 57 Id., 135. *Willis v. Lyman*, 22 Tex., 268. Order of attachment should recite filing of necessary affidavit and undertaking. Maxwell P. and P., 431. Nature of claim should be stated in the order as in affidavit. *Sac v. Hopkinton*, 29 Me., 268. *Osgood v. Holyoke*, 48 Id., 410. *Drew v. Bank*, 55 Id., 450.

*Hazlett & Bates*, for defendant in error, cited: Maxwell, form 591. 2 Nash Pl. and Pr., 865. Rev. Stat., Wis., 3701, 3702.

COBB, CH. J.

There are two points made by the plaintiff in error in his petition in error. They will be noticed in the inverse order in which they are therein stated:

"2. The said court erred in overruling the motion to quash the writ of attachment in the said action."

The point made in the brief under the above head is, that the affidavit upon which the attachment was issued is defective and void in that it does not show that it was made by the plaintiff, his agent, or attorney. The provisions of the civil code applicable to this point are as follows:

"Sec. 199. An order of attachment shall be made by

the clerk of the court in which the action is brought, in any case mentioned in the preceding section, when there is filed in his office an affidavit of the plaintiff, his agent, or attorney showing," etc.

The affidavit in the case at bar is in the following form: "Charles O. Bates, one of the attorneys for the plaintiff, being first duly sworn," etc. It is contended that the attorneyship of Charles O. Bates should have been asserted as an issuable fact, and not merely by way of recital. It will be observed that our statue above quoted is quite different from the corresponding clause of the statute of Wisconsin under which most of the cases cited by plaintiff in error were decided. That clause is as follows:

"Sec. 2. Before any writ of attachment shall be executed the plaintiff, or some one in his behalf, shall make and annex thereto an affidavit," etc. Under this provision it has been repeatedly held, in effect, that where the affidavit is not made by the plaintiff himself, the fact that it is made on his behalf must be stated by the affiant under oath in the body of the affidavit. And some cases have gone still further, and held that the affidavit must further show why it was not made by the plaintiff, and the affiant's means of knowledge.

There is a wide difference between the codes of Nebraska and Wisconsin in respect to the remedy by attachment, both in theory and in detail. In Wisconsin the writ of attachment is what is sometimes called a purchasable writ. It may be had by simply filing a precipe and paying the fee, but before it can be executed, served—before the defendant's property can be seized by virtue of it—the plaintiff, or some one in his behalf, shall make and annex thereto an affidavit, etc. This is usually, and always may be, done after the writ has been taken away from the clerk's office, usually in the private office of the plaintiff's attorney. It is subject to the inspection of no one until it is served by seizing the defendant's property. Such is not

our system. Here attachment is a remedy merely ancillary to an action for the recovery of money. The action must have been commenced by the issuance of a summons, then " an order of attachment shall be made by the clerk of the court in which the action is brought,    *    *    *    when there is filed in his office an affidavit of the plaintiff, his agent, or attorney," etc. Thus the issuance or " making " of an order of attachment is a *quasi* judicial act on the part of the clerk, depending for its validity and the power on his part to make it upon the filing in his office of such affidavit. The clerk knows or may know who is the attorney of the plaintiff who has commenced the suit, and in case of agency, may require evidence of such agency, and in neither case is he restricted to the oath of such attorney or agent for his warrant for treating them as entitled to act in that capacity, and when he does so recognize them the court will so regard them *prima facie.* I conclude therefore that there was no error on the part of the district court in overruling the motion to quash the writ.

"1. The court erred in overruling the motion to dissolve the attachment in said action."

There are attached to the record a number of affidavits in support of the motion to dissolve the attachment, and a number in resistance thereof. But these affidavits form no part of the record; nor are they preserved in a bill of exceptions. It has been held by this court in at least seven cases, substantially, that " where evidence has been introduced in the court below which is not properly a matter of record, a party who desires to avail himself of such evidence, in the supreme court, must preserve the same by a bill of exceptions." See *Ray v. Mason,* 6 Neb., 102. *Credit Foncier of America v Rogers,* 8 Id., 36. *Aultman v. Howe,* 10 Id., 10. *Oliver v. Sheeley,* 11 Id., 521. *Walker v. Lutz,* 14 Id., 275. *Sides v. Brendlinger,* Id., 492. *Kyle v. Chase,* Id., 530.

In the case of *The Republican · Valley R. · R. Co. v.*

*Boyse,* 14 Neb., 130, there is a dictum to the effect that affidavits might be made a part of a motion in such a way as to supersede the necessity of a bill of exceptions. I do not so understand the law. I do not think that anything can be said to belong to the record except the process, pleadings, and journal entries, including of course, motions, the rulings thereon, references, reports of referees, instructions, verdict, and judgment. Any matter of evidence, including affidavits, can only go upon the record by order of the court, and that is the office of a bill of exceptions. So we cannot consider these affidavits or the question of the truthfulness of the affidavit for the order of attachment, that question being based solely upon said affidavits.

The motion to dissolve the attachment was also in part based upon the ground of there being no undertaking filed as required by law. The undertaking is claimed to have been signed by Colby & Hazlett in their firm name, and they being the attorneys of record for the plaintiff, the undertaking, not signed by them individually, is void. No copy of the undertaking accompanies the record, so of course that point cannot be considered.

The additional double point was also made that the said order of attachment did not recite the filing of the affidavit and undertaking required, and also because the plaintiff's claim is not stated in said order, as it is in the affidavit filed to obtain said attachment. As to the first of these grounds, I would say that, while I approve of the form cited and contended for by counsel, yet it must be confessed that the legislature has prescribed no form for such order, nor is there anything in the letter or spirit of the statute to invalidate the form used by the clerk in this case. And as to the last ground, it is deemed necessary only to say that whatever discrepancy there is between the amount of plaintiff's claim as stated in the affidavit and in the order of attachment, is in favor of the defendant, and not to his

prejudice. The discrepancy is most likely an innocent mistake, but if the plaintiff was content to take an order of attachment for nearly a hundred dollars less than the amount sworn to be due him, I don't see how the defendant can claim to be prejudiced thereby. I do not think that there is any reversible error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.