OLDS WAGON COMPANY, PLAINTIFF IN ERROR, V. D. M. BENEDICT, DEFENDANT IN ERROR.

1. **Bill of Exceptions.** Affidavits used at the hearing of a motion to dissolve an attachment will not be considered in this court on error, unless preserved by a bill of exceptions.

2. **Attachment:** DISSOLUTION: ONUS PROBANDI: TRIAL: ARGUMENT. When a defendant moves to dissolve an attachment, and denies the ground thereof by affidavit, the burden of sustaining the attachment is upon the plaintiff, and for that purpose he is entitled to open and close the argument. A denial of this right, *Held*, Ground of reversal.

ERROR to the district court for Hitchcock county. Tried below before COCHRAN, J.

*Atkinson & Doty*, for plaintiff in error, cited: Code of Civil Procedure, Sec. 283. Central Law Journal, 25th Vol., 173. *Rolfe v. Pilloud*, 16 Neb., 24. *Hilton v. Ross*, 9 Neb., 406. *Steele v. Dodd*, 14 Neb., 496. *Heffron v. State*, 8 Fla., 73. *Millerd v. Thorn*, 56 N. Y., 402. *Elwell v. Chamberlin*, 31 N. Y., 614.

*W. S. Morlan*, for defendant in error.

COBB, J.

This is an action in attachment, brought by the plaintiff in error against the defendant in error in the district court of Hitchcock county.

The grounds laid for the attachment by the plaintiff are those provided for in section 198 of the code, as follows: That the defendant has absconded with the intent to defraud his creditors; and has left the county of his residence to avoid the service of a summons; and so conceals himself that a summons cannot be served upon him; and is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors; and is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors; and has property rights in action which he conceals; and has assigned, removed, or disposed of, or is about to dispose of, his property, or a part thereof, with intent to defraud his creditors; and fraudulently contracted the debt or incurred the obligation for which suit has been brought.

Defendant moved to dissolve the attachment.

*First.* Because the facts stated in the affidavit are not sufficient to justify the issuing of the same.

*Second.* Because the facts stated in the affidavit are untrue.

Upon a hearing the judge found in favor of the defendant, and ordered the attachment to be dissolved.

The plaintiff alleges error in said proceedings and order, as follows:

*First.* The court erred in deciding that the plaintiff was not entitled to open and close the case, which was to their prejudice.

*Second.* The court erred in overruling the motion to

quash the proceedings, because the evidence on file showed that the defendant did not have such an interest in all the goods attached as gave him the right of possession to all of them if the attachment was dissolved, as he had prayed.

*Third.*   The court erred in not sustaining the said attachment under the evidence, in that the said defendant, at the time the attachment issued, was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

*Fourth.*   The court erred in not deciding that, under the evidence, it was shown that at the time the attachment issued the defendant had property and rights in action which he concealed with intent to defraud his creditors.

*Fifth.*   The court erred in not deciding that, under the evidence, it appeared that at the time the attachment issued the defendant had assigned, removed, and disposed of, and was about to remove and dispose of his property, or a portion thereof, with intent to defraud his creditors.

*Sixth.*   The court erred in not deciding that, under the evidence presented, it did appear that at the time the said attachment was issued the said defendant had fraudulently contracted the debt and incurred the obligation for which this suit had been brought.

*Seventh.*   The court erred in not sustaining the attachment under the weight of the evidence upon the part of the plaintiff.

The question raised by defendant's motion to dissolve the attachment was tried before the district judge at chambers, on affidavits traversing the grounds and order of the attachment.   There was no bill of exceptions from the district judge, but the affidavits came up with the record to this court.   Here the defendant moved to strike the affidavits from the files, for the reason that they were not preserved by bill of exceptions.   Counsel for plaintiff

made an able argument at the bar, orally, as well as by written brief, against the motion. But this court having in many cases considered the same question, and specially in the case of *Tessier v. Crowley*, 16 Neb., 369, considered the question raised by affidavits used as evidence in the trial court, and accompanying the record to this court when brought up on error or appeal, without being embodied in a bill of exceptions; and the ruling of the court on that point having been substantially unanimous that, "affidavits used at the hearing of a motion to dissolve an attachment will not be considered unless preserved by a bill of exceptions," the motion to strike the affidavits from the files in the case at bar was sustained.

All of the evidence, upon which the decision of the judge dissolving the attachment in the court below was based, being thus stricken from the files and left out of consideration by this court, the only remaining question is that presented by the plaintiff in error, the first of its assignments, that the district judge erred in deciding that the plaintiff was not entitled to open and close the case, which was to their prejudice. In support of the proposition, "that the plaintiff having the burden of proof was entitled to open and close the argument," the plaintiff cites Sec. 283 of the civil code, and several authorities and cases. The statute cited applies to the trial of causes particularly, and is scarcely applicable in this instance. But the cases cited from our own court sustain the position of the plaintiff in error.

In *Hilton v. Ross*, 9 Neb., 406, the case was similar to the one at bar, though there was a bill of exceptions, showing not only a positive denial of the grounds of attachment, but very conclusive circumstances establishing the falsity of the original affidavit. I quote from the syllabus of Judge Lake's opinion: "An affidavit setting forth the existence of the grounds of attachment in the words of the statute, unaccompanied by any facts showing them to be

true, will support the writ. But when such affidavit is met by the positive oath of the defendant in denial, it must be supported by competent evidence, or the attachment will be dissolved." This case followed that of *Ellison v. Tallon*, 2 Neb., 14, and was followed by that of *Steele et al. v. Dodd et al.*, 14 Neb., 496, and subsequent cases. In the case at bar, for the want of a bill of exceptions, it does not appear, specifically, what was shown by the defendant in opposition to the affidavit for order of attachment, but as the district judge dissolved the attachment, we must presume that the facts alleged in the plaintiff's affidavit were denied, so that when it came to the argument the burden was on the plaintiff, and he was entitled, in order to sustain it, to the opening and closing of the argument.

It follows, therefore, that in denying the plaintiff its right, the district judge erred, for which error his order dissolving the attachment is reversed, and the cause remanded to the district court for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.