## JAMES BARRY V. PATRICK BARRY.

FILED MARCH 6, 1894.  No. 5328.

1. **Appeal from County Court:** FAILURE TO FILE TRANS-
   CRIPT: DISMISSAL.  In case an appeal is taken from the county
   court to the district court, except in matters of probate jurisdic-
   tion, the appellant must file, or cause to be filed, with the clerk
   of the district court of the proper county a transcript of the pro-
   ceedings on or before the thirtieth day after the rendition of the
   judgment, and in case such transcript is not so filed within the
   thirty days, the district court, upon motion of the appellee, may
   dismiss the appeal and remand the cause to the county court, to
   be there proceeded in as if no appeal had been taken.

2. **Review:** AFFIDAVITS: MOTIONS: BILL OF EXCEPTIONS.  Affi-
   davits used on the hearing of a motion in the district court, to
   be available in this court, must be incorporated in a bill of ex-
   ceptions.

ERROR from the district court of Dakota county.  Tried
below before NORRIS, J.

*Jay & Beck*, for plaintiff in error.

*John T. Spencer, contra.*

NORVAL, C. J.

On the 9th day of December, 1891, defendant in error
obtained a judgment in the county court of Dakota county
against plaintiff in error for the sum of $193.18, with costs.
On the 14th day of December, plaintiff in error filed with
said court an appeal undertaking, and the same was duly
approved.  On the 12th day of January following, a tran-
script of the proceedings was filed in the district court.
The defendant in error filed in said court a motion to dis-
miss the appeal on the ground that the transcript was not
filed within thirty days after the rendition of the judg-
ment.  The court sustained the motion, dismissed the ap-

peal, and remanded the cause to the county court for pro-
ceedings therein as though no appeal had been taken.
This ruling is before us for review.

This court has more than once held that in order to per-
fect an appeal taken from the judgment of a justice, the
appellant must file a transcript of the proceedings in the
office of the clerk of the district court of the proper county
within thirty days after the rendition of the judgment, and
in case the same is not so filed, the district court is author-
ized, on motion of the appellee, to dismiss the appeal and
remand the cause to the justice court, to be there proceeded
with as if no appeal had been taken. (*Slaven v. Hellman*,
24 Neb., 646; *Converse Cattle Co. v. Campbell*, 25 Neb.,
37; *Lincoln Brick & Tile Works v. Hall*, 27 Neb., 874.)

Section 26, chapter 20, Compiled Statutes, relating to
appeals from county courts, provides that "either party
may appeal from the judgment of the probate [county]
court, or prosecute a petition in error, in the same man-
ner as provided by law in cases tried and determined
by justices of the peace," etc. Under the foregoing pro-
vision an appeal from a judgment of the county court must
be taken and perfected in the same time as allowed by law
for appeals from judgments of justice courts; that is to say,
the appeal undertaking must be filed within ten days after
judgment is entered and the transcript of the proceedings
must be delivered to the clerk of the district court on or
before the thirtieth day after the rendition of the judgment.
In this case the appeal was not perfected in time, since
plaintiff in error did not file his transcript in the district
court until the thirty-fourth day. (*Maggard v. Van Duyn*,
36 Neb., 862.)

Plaintiff in error contends that the affidavit of Mell C.
Jay, copied into the transcript prepared for this court,
contains sufficient facts to excuse the failure to file the
transcript in the statutory period. The affidavit referred
to cannot be considered by us, for the reason that the same

is not made a part of the record of the case by a bill of exceptions. We have no means of knowing whether the affidavit was called to the attention of the district court on the hearing of the motion, or whether any evidence was produced on such hearing. Often this court has decided that affidavits used in support of a motion in the trial court will not be considered in the reviewing court, unless the same are embodied in a bill of exceptions. This rule cannot be departed from. (*Tessier v. Crowley,* 16 Neb., 369; *Bradshaw v. State,* 17 Neb., 147; *Graves v. Scoville,* 17 Neb., 593; *Olds Wagon Co. v. Benedict,* 25 Neb., 372; *Maggard v. Van Duyn, supra; Aldrich v. Bruss,* 39 Neb., 569.)

The district court did not err in dismissing the appeal, and the decision is

AFFIRMED.