NORFOLK NATIONAL BANK V. N. W. JOB ET AL.

FILED JUNE 3, 1896. No. 6563.

1. Review: AFFIDAVITS: BILL OF EXCEPTIONS. Affidavits used in evidence, to be available for the purpose of review by proceedings in error or appeal, must be embodied in a bill of exceptions duly allowed and certified.

2. Witnesses: CROSS-EXAMINATION: SIGNATURES. Where, in an action on a bill or note, the defendant is examined with respect to the

genuineness of the signature alone, he should not, on cross-examination, be required to state his opinion touching collateral or incidental matters based upon a comparison of the disputed signature with others.

3. ———: ———. It is permissible by way of redirect examination to introduce evidence explanatory of facts elicited by the cross-examination, although corroborative of the witness' testimony in chief.

4. Instructions. Instructions complained of *held* not prejudicial to the plaintiff in error.

5. Execution of Note: SIGNATURE. Evidence examined, and *held* to sustain the judgment of the district court.

ERROR from the district court of Antelope county. Tried below before POWERS, J.

*John R. Hays*, for plaintiff in error.

*Frick & Dolezal, contra.*

POST, C. J.

This was an action by the plaintiff in error, the Norfolk National Bank, in the district court for Antelope county, upon a note for $3,000 claimed to have been executed by the defendants in error, N. W. Job and A. E. Barnum, under date of November 26, 1888, and payable to the plaintiff named ninety days after date. The defendants answered separately, denying the execution of the note sued on, and the issues thus joined were tried to a jury, resulting in a verdict and judgment for the defendants, which it is sought to reverse by means of this proceeding.

Of the several allegations of error, the first relates to the overruling of the motion for a new trial on the ground of newly-discovered evidence. The basis of the claim in that behalf is the affidavit of Mr. Rainbolt, president of the plaintiff bank; but, unfortunately for the plaintiff's contention, such evidence is not incorporated in, or identified by, the bill of exceptions. The rule is firmly established that affidavits used as evidence, in

order to be available for the purpose of review by proceedings in error or on appeal, must be embodied in a bill of exceptions duly allowed and certified. So firmly, indeed, is that rule settled by the decisions of this court that a citation of the cases in point would be wholly superfluous.

The second assignment relates to the action of the court in refusing to require the defendant Job, during his cross-examination, to state the points of difference between the disputed signature and others admitted to be genuine. There is no error in the ruling complained of. The direct examination was confined to the particular note in controversy, and it cannot be seriously contended that there was any foundation laid for the expression of an opinion by the defendant based upon a comparison of signatures. Possibly the court might, without prejudice, have permitted the examination demanded, but its refusal is certainly not an abuse of discretion calling for a reversal of the judgment. Exception was taken to certain questions allowed upon the redirect examination of the defendant above named. The answers were, however, merely explanatory of facts elicited by his cross-examination, and were for that reason rightly received in evidence.

It is next assigned that the court erred in giving instructions numbered 3, 4, 5, 6, 6½. Of the paragraphs mentioned, those numbered 3 and 4 merely define the issues in the cause, and advise the jury that the burden under the pleadings is upon the plaintiff to prove the execution of the note. We might, therefore, in view of the oft-asserted rule respecting assignments of this character, dismiss the subject without further comment; but having examined the paragraphs to which especial prominence is given in the brief of counsel for the plaintiff, we are unable to perceive any just ground of complaint on account thereof. By paragraph 6 the jury were advised that the defendant Job would be liable if he executed the note and placed it in the hands of one

Hoagland, to whom reference will hereafter be made, to be delivered to the plaintiff, although it may subsequently have been signed by his co-defendant, Barnum, without his knowledge or consent, which is in substantial accord with the rule announced in *Barnes v. Van Keuren*, 31 Neb., 165. By paragraph $6\frac{1}{2}$ the jury were further, in effect, advised that the forgery upon said note of Barnum's name as a maker, after its execution by Job and after its delivery to the plaintiff, would, under the issues, defeat a recovery as to both defendants. That direction is defended upon the ground that the unauthorized addition to a promissory note of a name, under circumstances which amount to forgery, so destroys the identity of the contract as to render it inadmissible under the issues presented against the party by whom it was in fact executed. It is unnecessary to determine the question of the soundness of that reasoning, or whether, according to the doctrine of *Barnes v. Van Keuren*, the instruction is technically correct, since it was, in any view of the case, quite as favorable to the plaintiff as the latter was entitled to upon the case made by the pleadings and the proof. It should be remembered that the execution of the note is denied by Job as well as Barnum, and that his defense is that his name thereon is a forgery. There was no claim that the name of his co-defendant or other person was added after the execution of the note by him, as was the case in *Barnes v. Van Keuren.* The action was against both defendants as makers, and the instrument set out was declared to be their note. The sole issue, therefore, was the execution of the note; hence the instruction, if erroneous, could not have prejudiced the plaintiff.

But the proposition most relied upon is that the verdict and judgment are unsupported by the evidence and should be reversed upon that ground. The note in dispute was, according to the testimony of Mr. Rainbolt, president of the plaintiff bank, executed upon one of the blank forms in use by the bank, at the request of John P.

Hoagland, above mentioned, to be executed by some of his (Hoagland's) neighbors for his accommodation, and that it was about ten days later received by the bank through the mail, bearing the signatures which are identified by the witness as those of the defendants, and indorsed in blank by the said Hoagland. The defendant Job testified in his own behalf that he, on the date in question, to-wit, November 26, 1888, exchanged notes with Hoagland for the accommodation of the latter, who, according to his statement, desired to close his account with the plaintiff, preparatory to the opening of an account with a bank at Neligh. He testified positively that the note signed by him for $3,000 was prepared at the time of its execution by Hoagland, who in his, defendant's, presence erased the name of the plaintiff bank from a form like that used in the note introduced in evidence and inserted his, Hoagland's, name therein as payee, in which condition it was signed and delivered by him. He testified further that he had never seen or heard of the note in suit until some time during the following spring, previous to which, as shown by the evidence, Hoagland had fled from the state and has not since returned. The defendant Barnum is equally positive in his denial of his alleged signature to the note.

There was introduced by the plaintiff evidence to establish the cause of action alleged by comparing the signatures in dispute with others acknowledged to be genuine; also by admissions of the respective defendants. Regarding such evidence it may be said that it tends strongly to support the plaintiff's claim, and would, without doubt, have been sufficient to sustain a finding in its favor; but the question of the execution of the note was fairly submitted to the jury, and the verdict based upon the conflicting proofs must, for the purpose of this proceeding, be accepted as conclusive.

JUDGMENT AFFIRMED.