Nelson v. Keith.

---

PETER B. NELSON V. EDSON KEITH ET AL.

FILED NOVEMBER 4, 1897.    No. 7548.

Appeal to District Court: IMPEACHING JURISDICTION OF COUNTY COURT: SERVICE OF SUMMONS. Where there was no evidence of the want of a proper date on a summons issued by a county court and served on a defendant, except his affidavit identifying a purported copy of such summons which was attached as an exhibit to a paper filed by the defendant in said county court, *held*, in error proceedings in the district court questioning the sufficiency of the service of summons in the county court, that such affidavit with its accompanying purported copy of summons served was not competent evidence for the purpose of impeaching the jurisdiction of the county court.

ERROR from the district court of Dawes county. Tried below before KINKAID, J. *Affirmed.*

*C. H. Bane* and *D. B. Jenckes*, for plaintiff in error.

*George A. Eckles* and *Allen G. Fisher*, contra.

RYAN, C.

This action was commenced in the county court of Dawes county by the defendants in error for the recovery of a judgment on two promissory notes executed by the plaintiff in error. On May 1, 1893, the party last named filed in said county court in this cause a paper described as a special appearance, which, omitting the caption, was in the following language: "The defendant, Peter B. Nelson, appearing specially and for the purpose of objecting to the jurisdiction of the court in this case, and for no other purpose, moves the court to quash the pretended summons in this case and the officer's return thereof for the following reasons: First, no copy of summons has been served upon the defendant, Peter B. Nelson, as required by law, as appears by the pretended copy of summons served upon the defendant hereto attached, marked Exhibit A. Second, that said copy of pretended summons does not show the date on which the same was issued, and does not bear any date of the issuance of the summons. Third, that the pretended copy of summons served upon defendant, Peter B. Nelson, bears no date of the time of which it was issued." This was overruled. Attached to the above described paper there was an affidavit to which was appended what, in the affidavit, was described as the only copy of the summons served on the affiant, Peter B. Nelson. This copy was defective in its attestation clause, which was in this language: "Witness my hand and seal of said court this 21st day of April, A. D. 188—." After the rendition of judgment October 22, 1891, as prayed, Peter B. Nelson filed in the district court of said county his petition in error, in which there was presented but one objection, and that was, that the figures 188 represented an impossible date and that, therefore, the service by a copy bearing that impossible date was a nullity. With the petition in error in the district court there was filed the above "special appearance," with its accompanying affidavit and copy of sum-

mons attached as an exhibit. This exhibit was the only showing by which it was sought to impeach the finding of the county court that due and legal service of the pendency of the action had been made on Nelson.

In *Tessier v. Crowley*, 16 Neb., 369, it was said by COBB, C. J., in the delivery of the opinion of this court, that: "In the case of *Republican Valley R. Co. v. Boyse*, 14 Neb., 130, there is a dictum to the effect that affidavits might be made a part of a motion in such a way as to supersede the necessity of a bill of exceptions. I do not so understand the law. I do not think that anything can be said to belong to the record except the process, pleadings, and journal entries, including, of course, motions, the rulings thereon, references, reports of referees, instructions, verdict, and judgment. Any matter of evidence, including affidavits, can only go upon the record by order of the court, and that is the office of a bill of exceptions." This language was quoted with approval in *Graves v. Scoville*, 17 Neb., 593. In the case last cited it was said: "It does not seem to the writer to be consistent with reason to say that the necessity of a bill of exceptions can be obviated by simply saying in the motion or paper to be supported by affidavits that they are attached and made a part of the motion." As there was before the district court no evidence that the copy of the summons contained the impossible date of 188, except the affidavit which was attached to the paper designated as "a special appearance," the ruling of the district court affirming the ruling of the county court was right, and is therefore

AFFIRMED.