SMITH BROTHERS LOAN & TRUST COMPANY, APPELLEE,
v. M. H. WEISS ET AL., APPELLEES, IMPLEADED WITH
HULDA A. THOMPSON ET AL., APPELLANTS.

FILED OCTOBER 5, 1898.   No. 8306.

1. **Judicial Sales:** APPRAISEMENT. Where lands constituting one body are used as a single tract, ordinarily they may for judicial sale be appraised together.

2. ——: ——: OBJECTIONS. Objections to the appraisement must be made prior to the sale.

3. **Bill of Exceptions:** AFFIDAVITS. Affidavits used on the hearing of a motion in the district court cannot be considered on review in the appellate court unless embodied in a bill of exceptions.

4. **Judicial Sale:** PLACE. The sale of lands under a decree of foreclosure must take place at the court house, unless there be none in the county, in which case the sale must occur at the door of the building in which the last district court of the county was held.

APPEAL from the district court of Thayer county. Heard below before HASTINGS, J. *Reversed.*

*W. H. Barnes* and *John Heasty,* for appellants.

*Griggs, Rinaker & Bibb, O. H. Scott, C. L. Richards, Charles P. Schwer, M. H. Weiss,* and *Richards & Dinsmore, contra.*

NORVAL, J.

This is an appeal from an order of the court below confirming the sale of real estate under a decree of foreclosure.

The first objection is that the premises were not separately appraised. To this there are two answers. In the first place there is nothing in the record to show that the premises constituted two separate and distinct tracts. The lands were contiguous, and if used as a single tract there was no error in so appraising the property. Again, no objections were made to the appraisement until after the report of the sale was filed. This was too late to be available. (*Vought v. Foxworthy*, 38 Neb. 790; *Ecklund v. Willis*, 42 Neb. 737; *Burkett v. Clark*, 46 Neb. 466; *Overall v. McShane*, 49 Neb. 64.)

It is urged that no certificates of liens were ever obtained of the county clerk and clerk of the district court. The return of the sheriff on the order of sale shows that certificates of liens existing against the premises were obtained from the county treasurer, county clerk, and clerk of the district court, and copies thereof, together with a copy of the appraisement, were forthwith filed in the district court, and the return of the officer in this respect is not discredited by any testimony found in the record.

A complaint is made that the purchaser at the sale has not paid, but refuses to pay, the amount of his bid for the premises. The foundation for this assertion is the affidavits of the sheriff and clerk of the district court, copies whereof are included in the transcript. These affidavits cannot be considered, for the reason there is no bill of exceptions in the case. (*Hobbs v. Hunt*, 34 Neb. 657; *Hunter v. Bell*, 33 Neb. 249; *Barry v. Barry*, 39 Neb. 521; *Norfolk Nat. Bank v. Job*, 48 Neb. 774.)

Another reason urged for vacating the sale is that the same was not held at the court house, or at the door of the building wherein the district court was last held.

By section 503 of the Code of Civil Procedure all sales of real estate under an execution are required to be held at the court house, unless there be none in the county, in which case the sale must take place at the door of the house in which the last district court of the county was held. And this provision is likewise applicable to sales made under decrees foreclosing real estate mortgages. (*Burkett v. Clark*, 46 Neb. 466.) The return of the sheriff fails to disclose the property was offered and sold either at the court house in Thayer county, or at the door of the building in which the last district court was held. The return discloses that the premises were once offered for sale at the court house on May 6, 1895, but were not then sold for want of bidders. Under the same order of sale and appraisement the lands were readvertised, and on June 10, 1895, were sold, but the return is wholly silent as to the place where the sale took place. For this defect in proceedings the order of confirmation is reversed, the sale vacated, and a resale of the premises ordered.

REVERSED.