BENJAMIN F. MOORE, APPELLEE, v. ROBERT F. NEECE ET AL., APPELLEES; FRED W. CLARKE, APPELLANT.

FILED JUNE 20, 1906. No. 14,423.

Judicial Sales: APPRAISEMENT. Where lands constituting one body are used as a single tract, ordinarily they may for judicial sale be appraised together. *Smith Bros. Loan & Trust Co. v. Weiss*, 56 Neb. 210, followed and approved.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

8

*Albert W. Crites,* for appellant.

*W. H. Fanning* and *Allen G. Fisher, contra.*

OLDHAM, C.

This is an appeal from an order of confirmation of a sale in a mortgage foreclosure proceeding. Two objections are urged in the brief of the appellant. The first is that the appraisers did not actually view the land appraised. The only evidence filed in support of this allegation was the affidavit of the foreman of the mortgaged ranch, who testified that he did not see the appraisers on the ranch on the day of the appraisement, and that he thought that if they had been there he should have seen them. This evidence is wholly insufficient to impeach the return of the appraisement, which shows that it was made on actual view of the premises.

The next objection urged is that the mortgaged premises were not sold in separate tracts of 40, 80 or 160 acres each, after application had been made to the sheriff by the owner of the equity of redemption to so sell the mortgaged property. The evidence offered on this objection showed that the entire tract of land covered by the mortgage contained about 2,080 acres, was a cattle ranch situated in Sioux county, Nebraska, composed of contiguous tracts of land forming one ranch, and that it had been inclosed and buildings erected upon it in the year 1886 by the Bartlett Richards Cattle Company; that it had been several times transferred as a single property, and was known as the "Lower 33 Ranch" on Running Water river; that the value of the property depended on its use as a whole for feeding and raising cattle, and that to subdivide it into quarter sections would tend to destroy its value as a ranch. Under this showing the rule announced in the early case of *Laughlin v. Schuyler,* 1 Neb. 409, requiring separate and independent tracts of land covered by a mortgage to be sold separately, has no application. But the facts in the

case bring it within the rule announced in *Smith Bros. Loan & Trust Co. v. Weiss,* 56 Neb. 210, wherein it was said: "Where lands constituting one body are used as a single tract, ordinarily they may, for judicial sale, be appraised together."

We therefore conclude that the learned trial court was justified in overruling the objections to the confirmation of the sale, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.